IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,** | |
| Plaintiff, | |
| v. | No. 02-898C (Judge Hodges) |
| **THE UNITED STATES,** | |
| Defendant. | |

**PLAINTIFF'S STATUS REPORT IN RESPONSE TO THE COURT'S JUNE 9, 2004 ORDER**

Plaintiff Vermont Yankee Nuclear Power Corporation ("Vermont Yankee") hereby submits, through its undersigned counsel, this brief status report in response to the Court's June 9, 2004 Order requiring Plaintiff to state its position regarding the "posture of this case" and whether it wishes "to participate in the joint [discovery] proceedings discussed at the April 30 hearing" before Judge Sypolt.

First, the posture of this case has not changed significantly since Vermont Yankee filed its February 2, 2004 status report regarding pre-trial matters. The parties are currently in the process of negotiating several changes to a proposed protective order that Defendant (the "Government") filed in this case on April 21, 2004. The revised protective order will allow Vermont Yankee to produce to the Government a copy of the purchase and sale agreement for the Vermont Yankee nuclear power plant between Vermont Yankee and Entergy Nuclear Vermont Yankee, LLC ("ENVY"), one of the plaintiffs in Entergy Nuclear Vermont Yankee, LLC v. United States, No. 03-2663C. According to the Government, "until we are able to obtain

a copy of that purchase and sale agreement, it is not possible to identify whether the Court should resolve the pending partially dispositive motions in the Vermont Yankee case[[1]] or whether the assignment [to ENVY of the Standard Contract between Vermont Yankee and the Government] renders the motions here moot or otherwise unnecessary." Defendant's Response To The Court's January 15, 2004 Order at 2-3 (Feb. 17, 2004). Thus, once a protective order has been entered in this case and the Government has reviewed the purchase and sale agreement between Vermont Yankee and ENVY, it can "evaluate the scope of Vermont Yankee's assignment [to ENVY] and determine whether any issues raised in the Government's partially dispositive motions remain applicable to the Vermont Yankee case." Id. at 4.

Second, with regard to the April 30, 2004 "pre-discovery conference" before Judge Sypolt, Vermont Yankee was not a party to that proceeding. Nonetheless, Vermont Yankee does not believe that any "coordinated discovery" should proceed at this time. Rather, to the extent that the Government intends to contest liability or to file other allegedly dispositive motions concerning Vermont Yankee's standing or other legal issues, Vermont Yankee desires to resolve those issues now. Pending resolution of these purely legal issues, Vermont Yankee is not opposed to deferring (1) the completion of briefing on the acceptance rate and other damages-related issues, and (2) conducting discovery on the acceptance rate and other damages-related issues. Vermont Yankee also expects that, to the extent any discovery on the acceptance rate

[1] As Vermont Yankee noted in a previous status report, it has yet to file a reply in support of its cross-motion for partial summary judgment on the acceptance rate. Plaintiff's Response To The Court's January 15, 2004 Order at 1 (Feb. 2, 2004). Briefing on the acceptance rate had been suspended by the Chief Judge before Vermont Yankee's reply brief on the acceptance rate was due. The Chief Judge's stay was lifted by the Court on January 15, 2004. See id. Also pending in this case is Vermont Yankee's motion for leave to file a first amended complaint, filed on January 30, 2004.

issue is required, such discovery will be extremely limited and will likely consist only of updating information previously obtained by other spent fuel plaintiffs in coordinated discovery.

Dated: June 18, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiffs
Vermont Yankee Nuclear Power Corporation

OF COUNSEL:
Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)