# In the United States Court of Federal Claims

No. 02-898C

(Filed: January 19, 2006)

| | |
|---|---|
| ****************************************** | * |
| | * |
| VERMONT YANKEE NUCLEAR POWER CORPORATION, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| ****************************************** | * |

ORDER

On January 17, 2006, the parties filed with the Court a Joint Motion to Continue Stay, citing the potential resolution of issues common to this case, trials in other cases scheduled for September and October 2006, and developments expected in certain "lead cases" currently before the Court. A status hearing to consider the extension of the stay or a reasonable schedule for discovery and pretrial proceedings will be held at the Court on Monday, February 6, 2006 at 3:00 PM. The Court requests that counsel for the parties confer in advance as necessary to address the following issues:

1. The identity of similar cases before this Court or the U.S. Court of Appeals for the Federal Circuit that are likely to be decided before June 30, 2006;

2. With regard to such decisions, the specific issues on which those cases will provide guidance in this case, and whether such decisions may be regarded as controlling in this case;

3. The resources and capabilities of the parties to move forward with this case in light of the schedule and demands of other spent nuclear fuel cases;

4. Whether the parties foresee any potential prejudice to the preservation of relevant evidence that may result from the continuation of a stay of proceedings;

5. A proposed schedule for discovery and other pre-trial proceedings, mutually agreeable to the parties, should the Court decline to further stay the proceedings in this case;

6. Whether consolidation of this case with *Entergy Nuclear Vermont Yankee, LLC v. United States* (No. 03-2663C) would promote the efficient resolution of both cases, and would otherwise be in the interests of both Plaintiffs and the Defendant;

7. The parties' assessment of the likelihood of reaching a settlement;

8. Any other matters that counsel for either party wishes to raise regarding scheduling or the request for a continued stay of proceedings.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge