**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on March 16, 2006)

| | | |
|---|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,** | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-898C (Judge Wheeler) |
| **THE UNITED STATES,** | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSES TO THE GOVERNMENT'S DOCUMENT REQUESTS AND MOTION FOR LEAVE TO FILE REVISED SCHEDULE**

Pursuant to RCFC 6, 6.1, and 29,[1] Plaintiff Vermont Yankee Nuclear Power Corporation ("Vermont Yankee") respectfully requests an enlargement of time of 32 days until April 17, 2006 to respond to the Government's request for production of documents. Because the Government apparently intended to have these documents prior to filing its motion for summary judgment in this case, Vermont Yankee also requests leave to file a proposed revised schedule for briefing of the dispositive motions in this case. This is the first enlargement sought by Vermont Yankee to respond to the Government's document requests. Counsel for Vermont Yankee had preliminary discussions with counsel for Defendant (the "Government"), Marian Sullivan, and we do not believe the Government will oppose this motion for enlargement. However, counsel for Vermont Yankee was unable to confirm this preliminary understanding

[1] While normally Vermont Yankee could simply receive a stipulation from the Government regarding an enlargement of time for discovery, RCFC 29 appears to require the approval of the Court because the instant enlargement of time might interfere with the time set to complete the "hearing of a motion" set by the Court.

with another counsel for the Government, Harold Lester, Jr., prior to the time this motion was filed.

The Government served its first request for production of documents on February 10, 2006.[2] Counsel for Vermont Yankee needs additional time to respond to the Government's document requests due to the press of discovery in three spent nuclear fuel cases that are scheduled to go to trial in the next twelve months and other matters. For example, throughout February and March, counsel prepared and served several waves of documents on the Government in response to document and audit requests in *Northern States Power Co. v. United States*, No. 98-484C (Wiese, S.J.) (trial scheduled for October 2006). Additionally, during this period, counsel briefed and argued the Government's motion for reconsideration in *System Fuels, Inc. v. United States*, No. 03-2623C (Lettow, J.) (trial scheduled for February 2007) and responded to discovery requests propounded by the Government in the same case and in *System Fuels, Inc. v. United States*, No. 03-2624C (Braden, J.) (trial scheduled for September 2006 and December 2006). Moreover, counsel for Vermont Yankee also completed supplemental briefing on dispositive motions in *Detroit Edison Co. v. United States*, No. 02-926C (Williams, J.), filed a pre-trial order with this Court in *Entergy Nuclear Indian Point 2, LLC v. United States*, No. 03-2622C (Wheeler, J.), and participated in a status conference in *Omaha Public Power District v. United States*, No. 01-115C (Braden, J.). Finally, counsel also produced additional documents on behalf of clients Public Service Enterprise Group, Inc., Public Service Electric and Gas Company, and PSEG Power, LLC in response to a third-party subpoena and court order in *Delmarva Power & Light Co. v. United States*, Nos. 04-34C & 04-36C (Christine Miller, J.).

[2] Vermont Yankee's responses to the document requests were due yesterday – March 15, 2006 – and, therefore, this motion is made out-of-time by one day. Consistent with RCFC 6(b)'s requirement to show "excusable neglect," Vermont Yankee's failure to timely file its discovery responses resulted from an error in calendaring the response due date based on the press of other business described above.

For the foregoing reasons and for good cause shown, Vermont Yankee respectfully requests an enlargement of time of 32 days until April 17, 2006 to respond to the Government's request for production of documents. Additionally, Vermont Yankee respectfully requests leave to propose a revised schedule for briefing dispositive motions on or before March 20, 2006.

Dated: March 16, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Vermont Yankee Nuclear Power Corporation

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)