# In the United States Court of Federal Claims

No. 02-898C

(Filed: March 21, 2006)

| | |
|---|---|
| ***************************************** | * |
| | * |
| VERMONT YANKEE NUCLEAR POWER CORPORATION, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| ***************************************** | * |

## AMENDED SCHEDULING ORDER

Pursuant to the Court's February 7, 2006 Scheduling Order, Defendant's Motion for Summary Judgment concerning issues of liability was due to be filed on or before March 20, 2006. The Court issued this Scheduling Order after taking into account the representation by Defendant's counsel at the February 6, 2006 Status Conference that Defendant would likely require limited discovery in the preparation of its Motion. As forewarned, Defendant submitted to Plaintiff its first request for production of documents on February 10, 2006.

Five weeks later, on March 16, 2006, counsel for Plaintiff filed with the Court a Motion For Enlargement Of Time[1] seeking an extension of 32 days within which to respond to Defendant's request for production of documents. As grounds for this motion, Plaintiff did not indicate any problem with, or objection to, Defendant's request for production of documents, but referred instead to the press of on-going proceedings in other spent nuclear fuel ("SNF") cases. On March 20, 2006, the parties filed a Joint Motion to Amend Briefing Schedule, extending by approximately 30 days the previous schedule for briefing issues of

[1] Plaintiff's motion was untimely by a day, and did not indicate clearly whether Defendant had consented to or opposed the motion.

liability on cross-motions for summary judgment. Instead of concluding on June 12, 2006, the last brief will now be due on July 12, 2006.

The Court will allow the extension to the briefing schedule in this instance, but urges the parties to add resources, if necessary, to manage this case along with other SNF cases. The Court will not look favorably in the future on enlargement motions predicated simply on the existence of pressing deadlines in other cases. Plaintiff brought this action presumably for the purpose of prosecuting it to conclusion and recovering damages. Defendant similarly has elected to oppose the action, rather than to concede or settle. With the case in this posture, the Court will not allow this action to drift or remain idle just because other SNF cases also require attention.

Plaintiff's motion to extend its response to Defendant's request for production of documents until April 17, 2006 is GRANTED. The briefing schedule is hereby modified as follows:

1. Defendant shall file its Motion for Summary Judgment on or before April 26, 2006;

2. Plaintiff shall file its Response to Defendant's Motion for Summary Judgment, and Cross-Motion for Summary Judgment on or before June 1, 2006;

3. Defendant shall file its Reply in Support of its Motion for Summary Judgment, and Response to Plaintiff's Cross-Motion for Summary Judgment on or before June 22, 2006;

4. Plaintiff shall file its Reply in Support of its Cross-Motion for Summary Judgment on or before July 12, 2006.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge