IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-898C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests an enlargement of time of seven days within which to file its motions regarding liability in the this matter. Pursuant to the Court's March 21, 2006 order, defendant's motions are currently due tomorrow, Wednesday, April 26, 2006. The parties previously jointly requested that the Court defer the time for defendant's motions from March 20 to April 26, 2006, to allow plaintiff, Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), additional time to respond to the limited discovery that the Government had served, which the Government had discussed at the parties' status conference with the Court on February 6, 2006. We have contacted counsel for plaintiff, Alex Tomaszczuk, seeking plaintiff's position regarding the motion, but, as of the filing of this motion, counsel for Vermont Yankee had not responded to our telephonic inquiry.

When the Court first issued its scheduling order for the briefing on liability motions, the Government intended to file a motion for summary judgment to ask the Court to determine the effect of Vermont Yankee's failure to pay its one-time fee upon the rights and responsibilities of the parties in this partial breach action as well as a motion seeking consolidation of this case with Entergy Nuclear Vermont Yankee, L.L.C. v. United States, No. 03-2663. However, in response

to the limited discovery requests that the Government propounded to better inform these motions, which we received last week, we have obtained a copy of the Purchase and Sale Agreement between Vermont Yankee and Entergy Nuclear Vermont Yankee ("ENVY").[1] Based upon the Government's review of that document, the Government now believes that it may be appropriate to include in our motion for summary judgment a discussion of the validity of Vermont Yankee's assignment of the Standard Contract to ENVY and the claims associated with that assignment.

As the Court is aware, this case and Entergy Nuclear Vermont Yankee are two of 58 spent nuclear fuel cases pending before the Court. The issue of the propriety of the scope of assignments of contracts and claims is present in several of these cases. The Court has previously been asked to examine the issue of a valid assignment in these spent nuclear fuel ("SNF") cases on only one other occasion in Rochester Gas & Electric Co. V. United States, No. 04-0068C (Fed. Cl.). In Rochester Gas, the Government raised the issue in response to a motion to substitute parties, and the Court ultimately resolved the issue by joining both the assignor and the assignee as plaintiffs in the litigation. Defendant's motion in this case will be properly informed by the Court's analysis in Rochester Gas, but may properly lead to a different result. Because the validity of the assignment in this case and in the other cases pending before the Court is critical to determining the proper parties and the scope of the damages that may pursue damages arising from DOE's partial breach of the Standard Contract, the formulation and

[1] Vermont Yankee initially had not produced a copy of the purchase and sale agreement to the Government because the protective order had not been entered by the Court. In response to the Government's written discovery requests, the copy of the agreement produced by Vermont Yankee was incomplete, but we found a complete copy of the agreement among the materials produced by ENVY.

consideration of the Government's position requires greater review. This enlargement of time is necessary so that the Government can complete these motions and obtain the necessary supervisory review before they are filed with the Court.

For the foregoing reasons, we respectfully request that the Court grant this motion for an enlargement of time of seven days, to and including May 3, 2006, for the Government to file its motions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

April 25, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on the 25th day of April 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.