**FILED UNDER SEAL**
**CONTAINS PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH PROTECTIVE ORDER ENTERED BY U.S. COURT OF FEDERAL CLAIMS**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 02-898C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(b) of the Rules of this Court, defendant, the United States, respectfully submits these proposed findings of unconverted fact, in support of its motion for summary judgment in this case.

1. On or about June 15, 1983, Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), executed a contract with the Department of Energy, which was titled "Standard Contract For Disposal Of Spent Nuclear Fuel And/or High-Level Radioactive Waste" ("Standard Contract"). App. 34.[1] The Standard Contract that Vermont Yankee executed related to spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") generated at the Vermont Yankee Nuclear Power Station in Vernon, Vermont. App. 35.

2. The Standard Contract that Vermont Yankee executed contained the following provision:

[1] "App. __" refers to the appendix to "Defendant's Motion For Summary Judgment Upon Counts I And II Of Plaintiff's First Amended Complaint, And, In The Alternative, For Partial Summary Judgment Upon Defendant's Right To Recover Unpaid Fees."

> (b) No later than October 1, 1983, the Purchaser [Vermont Yankee] shall provide DOE [Department of Energy] with specific information on:
>
> (1) Total spent nuclear fuel inventory as of April 7, 1983;
>
> (2) Total number of fuel assemblies removed from the particular reactor core prior to 12:00 A.M. April 7, 1983 for which there are plans for reinsertion in the core, indicating the current planned dates for reinsertion in the core. Estimates of the burned and unburned portion of each individual assembly are to be provided.
>
> (c) In the event that the Purchaser fails to provide the annual forecast in the form and content required by DOE, DOE may, in its sole discretion, require a rescheduling of any delivery commitment schedule then in effect.

App. 6-7, Art. IV(A)(1); see 10 C.F.R. § 961.11, Art. IV(A)(1).

3. Article VIII(A) of the Standard Contract, which was included in Vermont Yankee's Standard Contract, includes the following contract language:

> A. Fees
>
> 1. Effective April 7, 1983, Purchaser shall be charged a fee in the amount of 1.0 mill per kilowatt hour (1M/kWh) electricity generated and sold.
>
> 2. For SNF, or solidified high-level radioactive waste derived from SNF, which fuel was used to generate electricity in a civilian nuclear power reactor prior to April 7, 1983, a one-time fee will be assessed by applying industry-wide average dollar per kilogram charges to four (4) distinct ranges of fuel burnup so that the integrated cost across all discharged (i.e. spent) fuel is equivalent to an industry-wide average charge of 1.0 mill per kilowatt-hour. For purposes of this contract, discharged nuclear fuel is that fuel removed from the reactor core with no plans for reinsertion. In the event that any such fuel withdrawn with plans for reinsertion is not reinserted, then the applicable fee for such fuel shall be calculated as set forth in this paragraph 2. The categories of spent nuclear fuel burnup and the fee schedule are listed below:

[In 1982 dollars]

| Nuclear spent fuel burnup range | Dollars per kilogram |
|---|---|
| 0 to 5,000 MWDT/MTU | $80.00 |
| 5,000 to 10,000 MWDT/MTU | 142.00 |
| 10,000 to 20,000 MWDT/MTU | 162.00 |
| Over 20,000 MWDT/MTU | 184.00 |

This fee shall not be subject to adjustment, and the payment thereof by the Purchaser shall be made to DOE as specified in paragraph B of this Article VIII.

3. For in-core fuel as of April 7, 1983, that portion of the fuel burned through April 6, 1983 shall be subject to the one-time fee as calculated in accordance with the following methodology: [a] determine the total weight in kilograms of uranium loaded initially in the particular core; [b] determine the total megawatt-days (thermal) which have been generated by all of the fuel assemblies in the said core as of 12:00 A.M. April 7, 1983; [c] divide the megawatt-days (thermal) generated in the said core by the total metric tons of initially loaded uranium in that core and multiply the quotient by the conversion factor 0.0078 to obtain a value in dollars per kilogram; and [d] multiply the dollars per kilogram value by the kilograms determined in [a] above to derive the dollar charge for the one-time fee to be paid for the specified in-core fuel as of 12:00 A.M. April 7, 1983. For purposes of this contract, in-core fuel is that fuel in the reactor core as of the date specified, plus any fuel removed from the reactor with plans for reinsertion. That portion of such fuel unburned as of 12:00 A.M. April 7, 1983 shall be subject to the 1.0 mill per kilowatt-hour charge.

App. 17-18, Art. VIII(A); <u>see</u> 10 C.F.R. § 961.11, Art. VIII(A).

4. Article VIII(B) of the Standard Contract, which was included in Vermont Yankee's Standard Contract, included the following contract language:

> 2. For SNF discharged prior to April 7, 1983, and for in-core burned fuel as of 12:00 A.M. April 7, 1983, the Purchaser shall, within two (2) years of contract execution, select one of the following fee payment options:
>
> (a) Option 1 – The Purchaser's financial obligation for said fuel shall be prorated evenly over forty (40) quarters and will consist of the fee plus interest on the outstanding fee balance. The interest from April 7, 1983, to date of the first payment is to be calculated based upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period. Beginning with the first payment, interest is to be calculated on Purchaser's financial obligation plus accrued interest, at the ten-year Treasury note rate in effect on the date of the first payment. In no event shall the end of the forty (40) quarters extend beyond the first scheduled delivery date as reflected in the DOE-approved delivery commitment schedule. All payments shall be made concurrently with the assigned three month period payments. At any time prior to the end of the forty (40) quarters, Purchaser may, without penalty, make a full or partial lump sum payment at any of the assigned three month period payment dates. Subsequent quarterly payments will be appropriately reduced to reflect the reduction in the remaining balance in the fee due and payable. The remaining financial obligation, if any, will be subject to interest at the same ten-year Treasury note rate over the remainder of the ten year period.
>
> (b) Option 2 – The Purchaser's financial obligation shall be paid in the form of a single payment anytime prior to the first delivery, as reflected in the DOE approved delivery commitment schedule, and shall consist of the fee plus interest on the outstanding fee balance. Interest is to be calculated from April 7, 1983, to the date of the payment based upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period until payment.

> (c) Option 3 – The Purchaser's financial obligation shall be paid prior to June 30, 1985, or prior to two (2) years after contract execution, whichever comes later, in the form of a single payment and shall consist of all outstanding fees for SNF and in-core fuel burned prior to April 7, 1983. Under this option, no interest shall be due to DOE from April 7, 1983, to the date of full payment on the outstanding fee balance.

App. 19-21, Art. VIII(B)(2); see 10 C.F.R. § 961.11, Art. VIII(B)(2).

5. On or about June 5, 1985, Vermont Yankee, through its representative, John Pearson, Vice President, Finance and Administration, Treasurer, Vermont Yankee Nuclear Power Corporation, notified DOE as follows:

> Dear Sir:
>
> Pursuant to Article VIII.B.2 of the above Contract [Contract No. DE-CR01-83NE44431], you are hereby notified that Vermont Yankee Nuclear Power Corporation (Vermont Yankee), the Purchaser under said Contract, has selected Option 2 of Article VIII B.2 which requires a one-time payment anytime prior to the first delivery of spent nuclear fuel and/or high level waste to DOE.

App. 63.

6. Subsequently, Vermont Yankee submitted seven separate delivery commitment schedules ("DCSs"), dated September 25, 1992, to DOE, for DOE's approval, through which DOE would accept SNF from Vermont Yankee's facility in the years 1999, 2001, 2002, 2003, 2004, 2005 and 2007. App. 66-73. DOE approved all of these DCSs. App. 74-81.

7. To date, Vermont Yankee has not paid its fee for DOE's disposal or acceptance under the Standard Contract of its pre-April 7, 1983 SNF and/or HLW. App. 84.[2]

---

[2] Vermont Yankee's payments of its fees for its pre-April 7, 1983 SNF are identified in the rows labeled "Total SNF Principal Paid to Date" and "Total SNF Principal & Interest Paid to Date." App. 84.

8. The principal amount of Vermont Yankee's one-time fee is $39,284,623.69. App. 84.[3] Pursuant to Article VIII.B.2(b) of the Standard Contract, interest upon that amount runs "from April 7, 1983, . . . to be calculated based upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period until payment." App. 20-21, Art. VIII.B.2(b); see 10 C.F.R. § 961.11, Art. VIII.B.2(b). DOE's current calculations indicate that the total amount of principal plus interest, through December 31, 2005, is $128,724,683.62. App. 84.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

[3] The amount of the one-time fee that Vermont Yankee owes, prior to the application of interest, is identified in the column labeled "Total SNF Principal Due." App. 84. The amount of the one-time fee, including interest, that DOE calculates is owed through December 31, 2005, is identified in the column labeled "Total SNF Principal & Interest Due." Id.

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

May 4, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on the 4th day of May 2006, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan