**FILED UNDER SEAL**
**CONTAINS PROTECTED MATERIAL TO BE**
**DISCLOSED ONLY IN ACCORDANCE WITH PROTECTIVE ORDER**
**ENTERED BY U.S. COURT OF FEDERAL CLAIMS**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-898C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(b) of the Rules of this Court, defendant, the United States, respectfully submits these proposed findings of unconverted fact, in support of its motion for summary judgment in this case.

1. On or about June 15, 1983, Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), executed a contract with the Department of Energy, which was titled "Standard Contract For Disposal Of Spent Nuclear Fuel And/or High-Level Radioactive Waste" ("Standard Contract"). App. 34.[1] The Standard Contract that Vermont Yankee executed related to the spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") generated at the Vermont Yankee Nuclear Power Station ("VYNPS") in Vernon, Vermont. App. 35.

---

[1] "Compl. ¶ ___" refers to Vermont Yankee's First Amended Complaint, filed September 4, 2004. "App. __" refers to the appendix to "Defendant's Motion For Summary Judgment Regarding The Invalid Assignment Of Plaintiff's Standard Contract And Pre-existing Claims From The Partial Breach Of That Contract."

2. The Standard Contract that Vermont Yankee executed contained the following provision regarding the assignment of the Standard Contract:

> Article XIV – ASSIGNMENT
>
> The rights and duties of the Purchaser may be assignable with transfer of title to the SNF and/or HLW involved; provided, however, that notice of any such transfer shall be made to DOE within ninety (90) days of transfer.

App. 26 (emphasis in the original).

3. On August 15, 2001, Vermont Yankee and Entergy Nuclear Vermont Yankee, L.L.C. ("ENVY"), entered into a purchase and sale agreement for the purchase of the Vermont Yankee Nuclear Power Station. App. 63. The Purchase and Sale agreement provided, in part, that, upon the close of the transaction, Vermont Yankee was to assign and transfer to ENVY all of the assets covered by the agreement including:

> (b) All inventories and Nuclear Fuel wherever located and all Spent Nuclear Fuel and other Nuclear Materials located at the site to which [Vermont Yankee] has title.
>
> * * *
>
> (n) Subject to section 6.11(b),[2] any claims of the Seller related to the Department of Energy's defaults under the DOE Standard Contract accrued as of the Closing, whether relating to periods prior to or following the Closing, excluding such claims as may relate to the one-time fee with respect to fuel used to generate electricity prior to April 7, 1983.

App. 86-87.

[2] Section 6.11(b) provides that Vermont Yankee will pay the one-time fee when it becomes due "subject to any rights of set-off to which [Vermont Yankee] may be entitled."

4. The Purchase and Sale Agreement also provided that ENVY was not to assume or be obligated to pay, perform or otherwise discharge the set of "excluded liabilities" including:

> (m) Any Liability of the Seller under the DOE Standard Contract with respect to the one-time fee for fuel burned prior to April 7, 1983.

App. 92.

5. With regard to the payment of fees under the Standard Contract, the Purchase and Sale Agreement provides the following:

> 6.11 Spent Nuclear Fuel Fees.
>
> (a) Between the date hereof and the Closing, and at all times thereafter, the Seller will pay as they come due all Spent Nuclear Fuel Fees and any other fees associated with electricity generated at VYNPS prior to the Closing, and the Buyer shall have no liability or responsibility therefor. The Buyer shall pay and discharge all fees and expenses associated with electricity generated at VYNPS from and after the Closing, and the Seller shall have no liability or responsibility therefor. The Buyer shall assume title to and responsibility for the storage and disposal of the Spent Nuclear Fuel in VYNPS as of the Closing. The Seller shall assign to the Buyer the DOE Standard Contract, except for the obligation to pay the one-time fee, and shall provide the required notice to the DOE within ninety (90) days of transfer of title to spent fuel.
>
> (b) The Seller agrees, upon receipt of at least 30 days advance written notice from the Buyer of the date on which the one-time fee for fuel burned prior to April 7, 1983 under the DOE Standard Contract will become due and payable in accordance with the terms of the DOE Standard Contract, to cause such fee to be duly paid when due, subject to any rights of set-off to which the Seller may be entitled by reason of the Department of Energy's defaults under said DOE Standard Contract.

App. 130-131.

6. By letter dated August 21, 2002, Vermont Yankee notified Mr. Herbert Watkins, Contracting Officer, Department of Energy, that it had transferred title to its SNF and HLW as defined in its Standard Contract and its rights and duties under the Contract to ENVY, effective July 31, 2002. App. 159. This notice also stated that Vermont Yankee had "retained the rights to any and all damages and other remedies that might accrue from the Department of Energy's breach of its obligations under the Contract to the extent of the one-time fee for fuel used to generate electricity prior to April 7, 1983." Id.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

May 4, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on the 4th day of May 2006, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan