**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on June 8, 2006)

| | |
|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,** Plaintiff, v. **THE UNITED STATES,** Defendant. | No. 02-898C (Judge Wheeler) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT ON THE ONE-TIME FEE MOTION**

In response to Defendant's (the "Government") Proposed Findings of Uncontroverted Fact in support of its "Motion For Summary Judgment Upon Counts I and II Of Plaintiff's First Amended Complaint And, In The Alternative, For Partial Summary Judgment Upon Defendant's Right To Recover Unpaid Fees," Plaintiff Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), by and through the undersigned counsel, respectfully states as follows:

1. On or about June 15, 1983, Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), executed a contract with the Department of Energy, which was titled "Standard Contract For Disposal Of Spent Nuclear Fuel And/or High-Level Radioactive Waste" ("Standard Contract"). App. 34.[1] The Standard Contract that Vermont Yankee executed related to spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") generated at the Vermont Yankee Nuclear Power Station in Vernon, Vermont. App. 35.

**RESPONSE:** Vermont Yankee does not dispute the statement in Paragraph 1 above.

2. The Standard Contract that Vermont Yankee executed contained the following provision:

[1] "App. __" refers to the appendix to "Defendant's Motion For Summary Judgment Upon Counts I And II Of Plaintiff's First Amended Complaint, And, In The Alternative, For Partial Summary Judgment Upon Defendant's Right To Recover Unpaid Fees."

> (b) No later than October 1, 1983, the Purchaser [Vermont Yankee] shall provide DOE [Department of Energy] with specific information on:
>
> (1) Total spent nuclear fuel inventory as of April 7, 1983;
>
> (2) Total number of fuel assemblies removed from the particular reactor core prior to 12:00 A.M. April 7, 1983 for which there are plans for reinsertion in the core, indicating the current planned dates for reinsertion in the core. Estimates of the burned and unburned portion of each individual assembly are to be provided.
>
> (c) In the event that the Purchaser fails to provide the annual forecast in the form and content required by DOE, DOE may, in its sole discretion, require a rescheduling of any delivery commitment schedule then in effect.

App. 6-7, Art. IV(A)(1); see 10 C.F.R. § 961.11, Art. IV(A)(1).

**RESPONSE:** Vermont Yankee does not dispute that 10 C.F.R. § 961.11, Art. IV(A)(1) contains the language quoted in Paragraph 2 above.

3. Article VIII(A) of the Standard Contract, which was included in Vermont Yankee's Standard Contract, includes the following contract language:

> A. Fees
>
> 1. Effective April 7, 1983, Purchaser shall be charged a fee in the amount of 1.0 mill per kilowatt hour (1M/kWh) electricity generated and sold.
>
> 2. For SNF, or solidified high-level radioactive waste derived from SNF, which fuel was used to generate electricity in a civilian nuclear power reactor prior to April 7, 1983, a one-time fee will be assessed by applying industry-wide average dollar per kilogram charges to four (4) distinct ranges of fuel burnup so that the integrated cost across all discharged (i.e. spent) fuel is equivalent to an industry-wide average charge of 1.0 mill per kilowatt-hour. For purposes of this contract, discharged nuclear fuel is that fuel removed from the reactor core with no plans for reinsertion. In the event that any such fuel withdrawn with plans for reinsertion is not reinserted, then the applicable fee for such fuel shall be calculated as set forth in this paragraph 2. The categories of spent nuclear fuel burnup and the fee schedule are listed below:

[In 1982 dollars]

| Nuclear spent fuel burnup range | Dollars per kilogram |
|---|---|
| 0 to 5,000 MWDT/MTU ............................ | $80.00 |
| 5,000 to 10,000 MWDT/MTU ....................... | 142.00 |
| 10,000 to 20,000 MWDT/MTU ...................... | 162.00 |
| Over 20,000 MWDT/MTU ............................. | 184.00 |

This fee shall not be subject to adjustment, and the payment thereof by the Purchaser shall be made to DOE as specified in paragraph B of this Article VIII.

3. For in-core fuel as of April 7, 1983, that portion of the fuel burned through April 6, 1983 shall be subject to the one-time fee as calculated in accordance with the following methodology:
[a] determine the total weight in kilograms of uranium loaded initially in the particular core; [b] determine the total megawatt-days (thermal) which have been generated by all of the fuel assemblies in the said core as of 12:00 A.M. April 7, 1983; [c] divide the megawatt-days (thermal) generated in the said core by the total metric tons of initially loaded uranium in that core and multiply the quotient by the conversion factor 0.0078 to obtain a value in dollars per kilogram; and [d] multiply the dollars per kilogram value by the kilograms determined in [a] above to derive the dollar charge for the one-time fee to be paid for the specified in-core fuel as of 12:00 A.M. April 7, 1983. For purposes of this contract, in-core fuel is that fuel in the reactor core as of the date specified, plus any fuel removed from the reactor with plans for reinsertion. That portion of such fuel unburned as of 12:00 A.M. April 7, 1983 shall be subject to the 1.0 mill per kilowatt-hour charge.

App. 17-18, Art. VIII(A); see 10 C.F.R. § 961.11, Art. VIII(A).

**RESPONSE:** Vermont Yankee does not dispute that 10 C.F.R. § 961.11, Art. VIII(A) contains the language quoted in Paragraph 3 above. However, Article VIII(A)(1) of Vermont Yankee's contract with DOE ends with different language: "Purchaser shall be charged a fee in the amount of 1.0 mill per kilowatt hour (1M/kWh) on electricity generated by Purchaser's nuclear power reactor(s). The said fee shall be paid as specified in paragraph B of this Article VIII." Further, Article VIII(A)(3) of Vermont Yankee's contract states that "in-core fuel is that

fuel in the reactor core as of the date specified, plus any fuel removed from the reactor with *plans to reinsert*" (emphasis added), not "plans for reinsertion."

4. Article VIII(B) of the Standard Contract, which was included in Vermont Yankee's Standard Contract, included the following contract language:

> 2. For SNF discharged prior to April 7, 1983, and for in-core burned fuel as of 12:00 A.M. April 7, 1983, the Purchaser shall, within two (2) years of contract execution, select one of the following fee payment options:
>
> (a) Option 1 – The Purchaser's financial obligation for said fuel shall be prorated evenly over forty (40) quarters and will consist of the fee plus interest on the outstanding fee balance. The interest from April 7, 1983, to date of the first payment is to be calculated based upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period. Beginning with the first payment, interest is to be calculated on Purchaser's financial obligation plus accrued interest, at the ten-year Treasury note rate in effect on the date of the first payment. In no event shall the end of the forty (40) quarters extend beyond the first scheduled delivery date as reflected in the DOE-approved delivery commitment schedule. All payments shall be made concurrently with the assigned three month period payments. At any time prior to the end of the forty (40) quarters, Purchaser may, without penalty, make a full or partial lump sum payment at any of the assigned three month period payment dates. Subsequent quarterly payments will be appropriately reduced to reflect the reduction in the remaining balance in the fee due and payable. The remaining financial obligation, if any, will be subject to interest at the same ten-year Treasury note rate over the remainder of the ten year period.
>
> (b) Option 2 – The Purchaser's financial obligation shall be paid in the form of a single payment anytime prior to the first delivery, as reflected in the DOE approved delivery commitment schedule, and shall consist of the fee plus interest on the outstanding fee balance. Interest is to be calculated from April 7, 1983, to the date of the payment based upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period until payment.
>
> (c) Option 3 – The Purchaser's financial obligation shall be paid prior to June 30, 1985, or prior to two (2) years after contract execution, whichever comes later, in the form of a single payment and shall consist of all outstanding fees for SNF and in-core fuel burned prior to April 7, 1983.

> Under this option, no interest shall be due to DOE from April 7, 1983, to the date of full payment on the outstanding fee balance.

App. 19-21, Art. VIII(B)(2); see 10 C.F.R. § 961.11, Art. VIII(B)(2).

**RESPONSE:** Vermont Yankee does not dispute that 10 C.F.R. § 961.11, Art. VIII(B)(2) contains the language quoted in Paragraph 4 above.

5. On or about June 5, 1985, Vermont Yankee, through its representative, John Pearson, Vice President, Finance and Administration, Treasurer, Vermont Yankee Nuclear Power Corporation, notified DOE as follows:

> Dear Sir:
>
> Pursuant to Article VIII.B.2 of the above Contract [Contract No. DE-CR01-83NE44431], you are hereby notified that Vermont Yankee Nuclear Power Corporation (Vermont Yankee), the Purchaser under said Contract, has selected Option 2 of Article VIII B.2 which requires a one-time payment anytime prior to the first delivery of spent nuclear fuel and/or high level waste to DOE.

App. 63.

**RESPONSE:** Vermont Yankee does not dispute the statement in Paragraph 5 above.

6. Subsequently, Vermont Yankee submitted seven separate delivery commitment schedules ("DCSs"), dated September 25, 1992, to DOE, for DOE's approval, through which DOE would accept SNF from Vermont Yankee's facility in the years 1999, 2001, 2002, 2003, 2004, 2005 and 2007. App. 66-73. DOE approved all of these DCSs. App. 74-81.

**RESPONSE:** Vermont Yankee does not dispute the statement in Paragraph 6 above, except to the extent that the Government implies that DOE's approval of Vermont Yankee's DCSs imposed a due date in 1999 for payment of Vermont Yankee's one-time fee.

7. To date, Vermont Yankee has not paid its fee for DOE's disposal or acceptance under the Standard Contract of its pre-April 7, 1983 SNF and/or HLW. App. 84.[2]

[2] Vermont Yankee's payments of its fees for its pre-April 7, 1983 SNF are identified in the rows labeled "Total SNF Principal Paid to Date" and "Total SNF Principal & Interest Paid to Date." App. 84.

**<u>RESPONSE</u>:** Vermont Yankee does not dispute the statement in Paragraph 7 above, except to the extent that the Government implies that Vermont Yankee's one-time fee is currently due.

8. The principal amount of Vermont Yankee's one-time fee is $39,284,623.69. App. 84.[3] Pursuant to Article VIII.B.2(b) of the Standard Contract, interest upon that amount runs "from April 7, 1983, . . . to be calculated based upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period until payment." App. 20-21, Art. VIII.B.2(b); <u>see</u> 10 C.F.R. § 961.11, Art. VIII.B.2(b). DOE's current calculations indicate that the total amount of principal plus interest, through December 31, 2005, is $128,724,683.62. App. 84.

**<u>RESPONSE</u>:** Vermont Yankee does not dispute the statement in Paragraph 8 above, except to the extent that the Government implies that Vermont Yankee's payment of the one-time fee is currently due.

Dated: June 8, 2006

Respectfully submitted,

<u>s/ Alex D. Tomaszczuk by s/ Jack Y. Chu</u>
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Vermont Yankee Nuclear Power Corporation

<u>Of Counsel</u>:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

[3] The amount of the one-time fee that Vermont Yankee owes, prior to the application of interest, is identified in the column labeled "Total SNF Principal Due." App. 84. The amount of the one-time fee, including interest, that DOE calculates is owed through December 31, 2005, is identified in the column labeled "Total SNF Principal & Interest Due." <u>Id.</u>