**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on June 12, 2006)

| | |
|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | PROTECTED & CONFIDENTIAL MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER - FILED UNDER SEAL<br><br>No. 02-898C<br>(Judge Wheeler) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT ON THE ASSIGNMENT MOTION**

In response to Defendant's (the "Government") Proposed Findings of Uncontroverted Fact in support of its "Motion For Summary Judgment Regarding The Invalid Assignment Of Plaintiff's Standard Contract And Pre-Existing Claims From The Partial Breach Of That Contract," Plaintiff Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), by and through the undersigned counsel, respectfully states as follows:

1. On or about June 15, 1983, Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), executed a contract with the Department of Energy, which was titled "Standard Contract For Disposal Of Spent Nuclear Fuel And/or High-Level Radioactive Waste" ("Standard Contract"). App. 34.[1] The Standard Contract that Vermont Yankee executed related to spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") generated at the Vermont Yankee Nuclear Power Station in Vernon, Vermont. App. 35.

**RESPONSE:** Vermont Yankee does not dispute the statement in Paragraph 1 above.

---

[1] "Compl. ¶ __" refers to Vermont Yankee's First Amended Complaint, filed September 4, 2004. "App. __" refers to the appendix to "Defendant's Motion For Summary Judgment Regarding The Invalid Assignment Of Plaintiff's Standard Contract And Pre-existing Claims From The Partial Breach Of That Contract."

2. The Standard Contract that Vermont Yankee executed contained the following provision regarding the assignment of the Standard Contract:

> Article XIV – ASSIGNMENT
>
> The rights and duties of the Purchaser may be assignable with transfer of title to the SNF and/or HLW involved; provided, however, that notice of any such transfer shall be made to DOE within ninety (90) days of transfer.

App. 26 (emphasis in the original).

**RESPONSE:** Vermont Yankee does not dispute that the Standard Contract contains the language quoted in Paragraph 2 above.

3. On August 15, 2001, Vermont Yankee and Entergy Nuclear Vermont Yankee, L.L.C. ("ENVY"), entered into a purchase and sale agreement for the purchase of the Vermont Yankee Nuclear Power Station. App. 63. The Purchase and Sale agreement provided, in part, that, upon the close of the transaction, Vermont Yankee was to assign and transfer to ENVY all of the assets covered by the agreement including:

> (b) All inventories and Nuclear Fuel wherever located and all Spent Nuclear Fuel and other Nuclear Materials located at the site to which [Vermont Yankee] has title.
>
> * * *
>
> (n) Subject to section 6.11(b),[2] any claims of the Seller related to the Department of Energy's defaults under the DOE Standard Contract accrued as of the Closing, whether relating to periods prior to or following the Closing, excluding such claims as may relate to the one-time fee with respect to fuel used to generate electricity prior to April 7, 1983.

App. 86-87.

**RESPONSE:** Vermont Yankee does not dispute that it entered into a Purchase and Sale Agreement with ENVY for the sale of the Vermont Yankee Nuclear Power Station, or that the agreement contains the language quoted in Paragraph 3 above.

---

[2] Section 6.11(b) provides that Vermont Yankee will pay the one-time fee when it becomes due "subject to any rights of set-off to which [Vermont Yankee] may be entitled."

4. The Purchase and Sale Agreement also provided that ENVY was not to assume or be obligated to pay, perform or otherwise discharge the set of "excluded liabilities" including:

> (m) Any Liability of the Seller under the DOE Standard Contract with respect to the one-time fee for fuel burned prior to April 7, 1983.

App. 92.

**<u>RESPONSE</u>:** Vermont Yankee does not dispute that its Purchase and Sale Agreement with ENVY contains the language quoted in Paragraph 4 above.

5. With regard to the payment of fees under the Standard Contract, the Purchase and Sale Agreement provides the following:

6.11 <u>Spent Nuclear Fuel Fees</u>.

> (a) Between the date hereof and the Closing, and at all times thereafter, the Seller will pay as they come due all Spent Nuclear Fuel Fees and any other fees associated with electricity generated at VYNPS prior to the Closing, and the Buyer shall have no liability or responsibility therefor. The Buyer shall pay and discharge all fees and expenses associated with electricity generated at VYNPS from and after the Closing, and the Seller shall have no liability or responsibility therefor. The Buyer shall assume title to and responsibility for the storage and disposal of the Spent Nuclear Fuel in VYNPS as of the Closing. The Seller shall assign to the Buyer the DOE Standard Contract, except for the obligation to pay the one-time fee, and shall provide the required notice to the DOE within ninety (90) days of transfer of title to spent fuel.
>
> (b) The Seller agrees, upon receipt of at least 30 days advance written notice from the Buyer of the date on which the one-time fee for fuel burned prior to April 7, 1983 under the DOE Standard Contract will become due and payable in accordance with the terms of the DOE Standard Contract, to cause such fee to be duly paid when due, subject to any rights of set-off to which the Seller may be entitled by reason of the Department of Energy's defaults under said DOE Standard Contract.

App. 130-131.

**<u>RESPONSE</u>:** Vermont Yankee does not dispute that its Purchase and Sale Agreement with ENVY contains the language quoted in Paragraph 5 above.

6. By letter dated August 21, 2002, Vermont Yankee notified Mr. Herbert Watkins, Contracting Officer, Department of Energy, that it had transferred title to its SNF and HLW as defined in its Standard Contract and its rights and duties under the Contract to ENVY, effective July 31, 2002. App. 159. This notice also stated that Vermont Yankee had "retained the rights to any and all damages and other remedies that might accrue from the Department of Energy's breach of its obligations under the Contract to the extent of the one-time fee for fuel used to generate electricity prior to April 7, 1983." Id.

**RESPONSE:** Vermont Yankee does not dispute that it sent a letter dated August 21, 2002 to Mr. Herbert Watkins containing the language in Paragraph 6 above.

Dated: June 12, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Vermont Yankee Nuclear Power Corporation

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)