IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION,<br><br>and<br><br>ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Nos. 02-898C & 03-2663C<br>(Judge Wheeler) |

DEFENDANT'S NOTICE TO THE COURT
REGARDING THE GOVERNMENT'S PENDING MOTIONS

During the telephonic status conference that the Court convened on August 16, 2006, the Court inquired as to whether it was necessary for the Court to decide four motions filed by defendant, the United States, that are pending on the Court's docket. The four motions are: (1) Defendant's Motion To Dismiss Count III of Plaintiff's Complaint (Takings Claim) (docket entry 7, filed Oct. 29, 2002); (2) Defendant's Motion For Partial Summary Judgment Regarding The Rate Of Spent Nuclear Fuel Acceptance (docket entry 11, filed Nov. 21, 2002); (3) Defendant's Motion For Partial Summary Judgment Regarding Plaintiff's Greater Than Class C Radioactive Waste Arguments (docket entry 27, filed Jan. 3, 2003); and (4) Defendant's Motion To Strike Portions Of Plaintiff's Filings Concerning The Rate Of Acceptance Of Spent Nuclear Fuel (docket entry 49, filed Apr. 11, 2003).

The Motion To Dismiss The Takings Claim

With regard to the takings motion, it does not appear that the pending motions for summary judgment on the one-time fee and liability issues will dispose of the Court's need to resolve this motion, although if the Court grants the Government's one-time fee motion, the rationale underlying the plaintiffs' takings claims dissipates. The takings claims are found in Count III of both Vermont Yankee's and ENVY's complaints. As explained in our motion to dismiss, plaintiffs cannot bring takings claims because the rights to which they claim they were deprived arise pursuant to the Standard Contract, which provides the sole basis for any remedies for a breach of those rights. However, prior to ruling upon this motion, the Government respectfully requests that the Court allow the Government to update the motion to dismiss Count III of plaintiff's complaint to address Count III of the complaint filed by ENVY and to make the Court aware of recent decisions that may be persuasive in the Court's consideration of the Government's motion. See, e.g., Pacific Gas & Electric Co. v. United States, 70 Fed. Cl. 766 (2006) (dismissing takings claim in spent nuclear fuel case); Klamath Irrigation District v. United States, 67 Fed. Cl. 504 (2005) (explaining rationale for dismissing contract-based takings claims). We further respectfully request that the Court establish a briefing schedule for this motion because, if the Court dismisses these claims early in the case, it will streamline the parties' discovery efforts.

The Rate Of Acceptance Motion

If the Court grants the Government's motion for summary judgment relating to the one-time fee, it will not need to resolve the Government's pending motion for partial summary judgment regarding the rate of spent nuclear fuel acceptance required by the Standard Contract.

However, in our opposition to the plaintiffs' motions for summary judgment regarding liability, we referenced the arguments that we had addressed in our rate of acceptance motion. Further, if the Court denies our motion for summary judgment upon the one-time fee issue, the Court will need to address our rate of acceptance motion, both in its consideration of the plaintiffs' motion for summary judgment regarding liability and in resolving the acceptance rate issue that, if this case proceeds, will necessarily affect causation issues in the damages phase of this case. Accordingly, although the Court could defer its consideration of the rate of acceptance motion until after it has addressed the Government's one-time fee motion, we respectfully request that the Court allow the parties to update their prior acceptance rate briefing – before the Court rules upon the plaintiffs' liability motion or upon the acceptance rate motion – to account for relevant decisions that have been issued since briefing was completed.

The Motion To Strike

To the extent that the Court finds it necessary to rule upon the plaintiffs' liability motion and, therefore, needs to consider the briefing upon the acceptance rate issues, the Court will also need to address the Government's motion to strike portions of the response to the Government's acceptance rate motion. In that motion to strike, we requested that the Court strike certain references in the plaintiff's acceptance rate response briefing and appendix relating to a settlement agreement between the United States Department of Energy and one of the nuclear utilities, PECO Energy. Since we filed our motion to strike, one judge of this Court has issued a published decision in another spent nuclear fuel case, Power Authority of State of New York v. United States, 62 Fed. Cl. 376 (2004), granting our motion to strike the same references and documents as those at issue here from the acceptance rate response brief filed in that case, and

another judge in Florida Power & Light Co. v. United States, No. 98-483C, 2003 WL 24129961 (Fed. Cl. May 21, 2003), has issued a similar, though unpublished, decision regarding these documents and references that is available on WESTLAW.[1] Again, as with the takings and acceptance rate motions, we respectfully request leave to notify the Court of these decisions.

The Motion Regarding Greater Than Class C Waste

After considering the arguments raised in the Government's motion for summary judgment relating to the Department of Energy's obligation to accept Greater Than Class C radioactive waste ("GTCC waste"), we do not believe that the Court need address that motion before the parties undertake discovery efforts. Although it is not only possible, but likely, that GTCC waste will be an issue in this case, we believe that more prudent course of action at this point in time is to allow the parties, once other pending motions are resolved, to determine (through initial disclosures and discovery efforts) the manner in which the GTCC waste issue fits into this case, followed by, if appropriate, a renewal of that motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

[1] The plaintiffs in both Power Authority and Florida Power are represented by counsel for the two plaintiffs in these cases, and counsel filed the same or substantially similar response briefs in all of the cases.

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

August 31, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on the 31st day of August 2006, a copy of the foregoing "DEFENDANT'S NOTICE TO THE COURT REGARDING THE GOVERNMENT'S PENDING MOTIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan