**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on September 18, 2006)

| | |
|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 02-898C<br>(Judge Wheeler) |
| **ENTERGY NUCLEAR VERMONT YANKEE, LLC**, and **ENTERGY NUCLEAR OPERATIONS, INC.**,<br><br>Plaintiffs,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 03-2663C<br>(Judge Wheeler) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO REMOVE THE SEAL UPON PENDING MOTIONS, FOR AN ORDER DIRECTING THAT PLAINTIFFS RE-EXAMINE THEIR DESIGNATION OF MATERIAL AS SUBJECT TO THE PROTECTIVE ORDER, AND FOR ENTRY OF A REVISED PROTECTIVE ORDER**

Pursuant to RCFC 7 & 7.2, Plaintiff Vermont Yankee Nuclear Power Corporation (in case No. 02-898C) and Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc. (in No. 03-2663C) (collectively for both cases "Plaintiffs"), respectfully respond to Defendant the United States' (the "Government") motion to unseal pending motions, for re-examination of prior document productions, and entry of a revised protective order.

First, the Government has requested that the Court order the unsealing of documents in the appendices of "Defendant's Motion for Summary Judgment upon Counts I and II of Plaintiff's Complaint and, in the Alternative, for Partial Summary Judgment Upon Defendant's Right to Recover Unpaid Fees," "Defendant's Motion for Summary Judgment Regarding the Invalid Assignment of Plaintiff's Standard Contract and Pre-Existing Claims from the Partial Breach of that Contract," and any related responses, replies, proposed findings, and responses thereto. Based on a review of these documents and the Government's discovery of the Purchase and Sale Agreement executed by Plaintiffs on the internet, Plaintiffs consent to the unsealing of these documents.

Second, the Government has requested that the Plaintiffs review every document produced in these two cases to ascertain whether the documents are covered by the Protective Order. At this time, this constitutes an overly burdensome and unnecessary exercise. As the case proceeds, the parties should be able to work through any concerns regarding protected material. For example, had counsel for Plaintiffs realized that the Purchase and Sale Agreement was available on the internet, Plaintiffs' counsel would have consented to the normal filing of these documents.

Furthermore, while the Government alleges that Plaintiffs have "over-designated" documents under the Protective Order, the Government suffers from the same affliction. The Government has marked with a legend approximately 4,000 documents in its document production as covered by the Protective Orders in the various spent nuclear fuel cases. A quick search revealed that some of the Government's documents are available on the internet, as well. For example, the Government has designated the Department of Energy's Fiscal Year 2005 Congressional Budget Request (Bates-numbered HQR3040001 through HQR3040112) with a

protective legend, but this document appears to be available on the internet at http://www.mbe.doe.gov/budget/05budget/. Thus, while Plaintiffs believe that reviewing all prior documents produced to determine whether the documents should remain protected does not constitute a valuable use of the parties' time, to the extent this Court orders Plaintiffs to undertake a review of its document production, Plaintiffs respectfully request reciprocity. The Government should also be required to undertake a similar review.

Finally, the Government has proposed a revised protective order. Generally, Plaintiffs do not oppose many of the Government's proposed changes in its "Amended Protective Order." Plaintiffs request, however, that the change to paragraph 2 adding a requirement to affix a protective legend to confidential material be made prospective. Thus, the parties would not have to review all previously produced documents and affix a new protective legend to those documents.

For the foregoing reasons, Plaintiffs concur that sealed documents may be unsealed, object to the review and re-marking of all of the Plaintiffs' and the Government's previously produced documents as burdensome, and generally do not oppose most of the Government's proposed changes to the Protective Order.

Dated: September 18, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Vermont Yankee Nuclear Power Corporation
Entergy Nuclear Vermont Yankee LLC
Entergy Nuclear Operations, Inc.

*Of Counsel*:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)