IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al., | ) | Nos. 02-898C & 03-2663C |
| | ) | (Judge Wheeler) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO REMOVE THE SEAL UPON PENDING MOTIONS, FOR AN ORDER DIRECTING THAT PLAINTIFFS RE-EXAMINE THEIR DESIGNATION OF MATERIAL AS SUBJECT TO THE PROTECTIVE ORDER, AND FOR ENTRY OF A REVISED PROTECTIVE ORDER

Defendant, the United States, respectfully submits this reply to the plaintiffs' response to our motion to remove the seal upon "Defendant's Motion for Summary Judgment upon Counts I and II of Plaintiff's Complaint and, In the Alternative, for Partial Summary Judgment Upon Defendant's Right To Recover Unpaid Fees" and "Defendant's Motion for Summary Judgment Regarding the Invalid Assignment of Plaintiff's Standard Contract and Pre-Existing Claims from the Partial Breach of that Contract," filed May 4, 2006, and the associated filings; for an order directing plaintiffs, Vermont Yankee Nuclear Power Corporation ("Vermont Yankee") and Entergy Nuclear Vermont Yankee ("ENVY"), to re-examine their designation of material as subject to the protective order; and for entry of a revised protective order.

## ARGUMENT

### I. PLAINTIFFS DO NOT OPPOSE THE GOVERNMENT'S MOTIONS TO LIFT THE SEAL UPON THE DESIGNATED MOTIONS OR FOR ENTRY OF THE REVISED PROTECTIVE

In our original motion, we requested that the Court remove the seal upon the Government's motions for summary judgment and the corresponding response and reply briefs and make these documents publicly available because none of the material in the Government's appendices to these motions is properly designated as subject to the protective order. Plaintiffs have represented that they "consent to the unsealing of these documents," acknowledging that they need not be protected. See Pl. Response, at 2. Accordingly, we respectfully request that the Court grant that motion.

Further, plaintiffs have represented that they do not oppose our request for entry of a revised protective order to account for some deficiencies in the original order, but ask that the Government's request that plaintiffs endorse the protective order legend on any documents that they produce that have been designated as protected be applied only prospectively. Pl. Response, at 3. We do not object to the plaintiffs' request that the endorsement requirement apply only prospectively and, accordingly, request that the Court enter the revised protective order with the change that the plaintiffs have requested.

II. IN RESPONSE TO OUR REQUEST THAT PLAINTIFFS RE-EXAMINE THEIR DESIGNATIONS OF PROTECTED MATERIAL, PLAINTIFFS CONTINUE TO ATTEMPT TO PLACE UPON THE GOVERNMENT THE BURDEN OF CHALLENGING ANY PROTECTIVE ORDER DESIGNATION, RATHER THAN REQUIRING THE PLAINTIFFS TO MAKE THEIR DESIGNATIONS IN GOOD FAITH AND TO SUPPORT THEM

In our original motion, we asked that the Court require plaintiffs to re-examine their designation of material as subject to the protective order.[1] As we explained, Vermont Yankee and ENVY have apparently designated every document that they have produced as subject to the protective order, without regard to whether the documents actually warrant protection. This wholesale designation of documents as subject to the protective order does not comply with the letter or the spirit of the protective order.

As we discussed in our motion, consistent with (and as required by) paragraph 9 of the existing protective order pursuant to which the plaintiffs produced their documents, it is the burden of the party seeking to protect documents and to limit their distribution to establish good cause for that protection. See, e.g., Forest Prods. Northwest v. United States, 435 F. 3d 1355, 1361 (Fed. Cir. 2006); Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994); Reliance Ins. Co. v. Barron's, 428 F. Supp. 200, 202 (S.D.N.Y. 1977). See generally 8 C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure § 2043, at 556-57 (2d ed. 1994) ("[b]esides showing that the information qualifies for protection, the moving party must also show good cause for restricting dissemination on the ground that it would be harmed by its disclosure."). "To

[1] As we explained in our motion, technically, paragraph 9 of the protective order requires Vermont Yankee and ENVY, as the parties seeking to protect information, to file a motion with the Court to obtain an order providing for the continued protection of such documents. In the spirit of attempting to resolve this issue swiftly and preclude further inconvenience to the Court or the parties, the Government has taken the initiative to seek the Court's resolution of this matter.

overcome the presumption" that documents should be publicly available and establish "good cause" for subjecting documents to a protective order, "the party seeking the protective order must . . . demonstrat[e] a particular need for protection." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26 (c) test." Id.; see United States v. Hooker Chemical & Plastics, 90 F.R.D. 421, 425 (W.D. N.Y. 1981) (refusing to issue protective order based upon "conclusory" allegations of the harm of disclosure).

Although it is counsel's "responsibility to ensure that the proper confidential designations are assigned to the documents produced," THK Am., Inc. v. NSK Co., Ltd., 157 F.R.D. 637, 644 N.D. Ill. 1993), the plaintiffs complain that we have requested that they "review every document produced in these two cases to ascertain whether the documents are covered by the Protective Order" and that "this constitutes an overly burdensome and unnecessary exercise." Pl. Response, at 2. They assert that we should continue to treat every document that they have produced in this litigation as protected and, if and when we think that the protection over a particular document should be lifted, we can approach them and discuss it. Id. The plaintiffs' representations are simply unfounded and attempt to shift significant and unfounded burdens to the Government.

First, we have not asked that the plaintiffs review their past document productions to determine whether they "are covered" by the protective order. Given that the plaintiffs have informed us that every document that they have produced is covered by the protective order, our obligation to treat all documents as protected is clear. Instead, we ask that the plaintiffs review their past production to determine whether any of the previously produced documents have

properly been designated as protected. As previously discussed, it is counsel's obligation to designate as protected only those documents that should be protected. The plaintiffs' wholesale designation of every document that they produce as protected is an abdication of that obligation.

Second, as we represented in our motion, the plaintiffs collectively have produced approximately 240 documents in these two cases. We cannot understand how it is "overly burdensome," as the plaintiffs represent, to require the plaintiffs to review that small production and revise their protective order designations. In fact, it is appropriate for us to file this motion now, early in the litigation, to eliminate any practice by the plaintiffs in these two cases – before discovery has significantly progressed – of routinely designating every document and deposition transcript as protected.[2] To the extent that the plaintiffs do not undertake this review now, the burden of performing this review will only become greater as discovery proceeds.

Third, the plaintiffs' suggestion that the "parties should be able to work through any concerns" about particular protected documents in the future places upon the Government of identifying each document for which protection is not warranted and raising that with the plaintiffs. Clearly, with their wholesale designation of every produced document as protected, the plaintiffs are attempting to switch burdens regarding the protective order and require the Government to bear the burden of establishing the lack of a need for protection over particular documents. As previously discussed, the plaintiffs' request directly contradicts well-established case law.

[2] In other spent nuclear fuel cases with counsel for the plaintiffs here, the plaintiffs have designated not only all documents produced as protected, but have also designated every page of every deposition transcript as protected, without regard to whether the information is significant or confidential. We seek to stop this practice before it affects these two cases.

Fourth, as we discussed in our motion, the over-designation of material as subject to the protective order has already resulted in inconvenience to the Court and the Government -- the need for the Government to obtain an order to file and maintain materials under seal. Absent action by the plaintiffs to revise their apparent practice of simply stamping every document as subject to the protective order, the inconvenience to the Court and the parties will only increase. To reduce this inconvenience, Vermont Yankee and ENVY should be required to determine whether each document to be designated contains confidential information and that there would be clear, specific harm from the disclosure of that information. Once this re-examination is complete, Vermont Yankee should be required to reproduce all of the documents produced to date, with the protective order legend removed from those documents not properly designated as protected material. In contrast to Vermont Yankee, and as we realized after we filed our original motion, ENVY did not endorse the documents that it produced with the protective order legend, instead informing us by letter that all documents were protected. Accordingly, only Vermont Yankee need to reproduce those documents that do not, in reality, need protected without the protective order legend. If Vermont Yankee is not required to re-produce all of the documents in their entirety, the Government will have to incur additional expense replacing the revised document images in its database. Given the small number of documents that Vermont Yankee has produced to date, the burden on Vermont Yankee to comply with its discovery obligations should not be great.

Finally, the plaintiffs state that they have identified a document in the Government's prior production that was designated as protected but that they themselves have determined is a public document. Pl. Response, at 2. They suggest that, if they are required to revisit the

entirety of their past production, the Government should similarly revisit its past designation of approximately 4,000 documents as protected. Id. The first time that the plaintiffs ever notified us of their discovery of the public nature of the document identified upon page 2 of their response brief was in the actual response brief itself. We will review the document that the plaintiffs identified and, if appropriate, remove the protected designation from it. Further, if the plaintiffs have identified other documents that they do not want to maintain as protected, they may, in accordance with paragraph 9 of the existing protective order, inform us that they will no longer maintain protected status for those documents, inform us of the reason for that decision, and place the burden upon the Government of filing a motion with the Court to keep the documents confidential. However, the plaintiffs' apparent attempt to compare the Government's past designation of a small percentage of previously produced documents as protected with the plaintiffs' wholesale designation of every document as protected is wholly unfounded. Although the plaintiffs have properly represented that the Government has designated approximately 4,000 documents that it has produced with a protective order legend, many of which are documents containing confidential information that nuclear utilities provided to the Government, the Government has produced more than a million pages of documents to the nuclear utility plaintiffs. The number of documents designated as protected is an extremely small subset of the documents that we have produced. Unlike the plaintiffs' production, the bulk of the documents that we have produced are not designated as protected. We have not simply foisted upon the plaintiffs an obligation to maintain every single document that we have produced as confidential and protected. Unlike the Government, the plaintiffs here have attempted to eliminate any requirement that they actually evaluate each document that they produce and determine whether

special protection truly is required, and they instead have improperly imposed a burden upon the Government to maintain every piece of information that they produce to the Government as protected. Because this allocation of burden conflicts with the spirit of the existing protective order and well-established case law, we respectfully request that the Court overturn the plaintiffs' prior protective order designations and require the plaintiffs, to the extent that they seek to protect documents previously produced and those that may be produced in the future, affirmatively to review and make good faith protective order designations regarding those documents.

## CONCLUSION

For the foregoing reasons and those set forth in our original motion, defendant respectfully requests that the Court remove the seal from the Government's pending motions for summary judgment and related documents, direct that plaintiffs undertake a review of the documents produced to date, and direct that plaintiffs re-produce any endorsed documents that should not have been designated as protected without the protective order legend. Defendant also respectfully requests that the Court enter the revised protective order that was attached to our motion, subject to the requested change that the plaintiffs requested.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

September 27, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 27th day of September 2006, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO REMOVE THE SEAL UPON PENDING MOTIONS, FOR AN ORDER DIRECTING THAT PLAINTIFFS RE-EXAMINE THEIR DESIGNATION OF MATERIAL AS SUBJECT TO THE PROTECTIVE ORDER, AND FOR ENTRY OF A REVISED PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.