# In the United States Court of Federal Claims

(Filed: September 29, 2006)

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | * | No. 02-898C |

| | | |
|---|---|---|
| ENTERGY NUCLEAR VERMONT YANKEE, LLC, ET AL, Plaintiff, v. THE UNITED STATES, Defendant. | * | No. 03-2663C |

## ORDER

Before the Court is Defendant's August 30, 2006 motion regarding the designation of confidential information under the February 15, 2006 and March 22, 2006 protective orders in these cases. Defendant requests that: (1) certain motions and appendices currently pending be unsealed and made publicly available; (2) Plaintiffs be directed to re-examine and

re-classify material designated as protected; and (3) a revised protective order be entered to make minor changes to the present procedures governing confidential information. Plaintiffs have filed a September 18, 2006 response to Defendant's motion, and Defendant has filed a September 27, 2006 reply. The Court's ruling on each of these issues follows below.

A. Unsealing of Motions and Appendices

The parties agree that the following motions and appendices may be unsealed because they do not contain confidential information under the protective orders: (a) Defendant's Motion for Summary Judgment Upon Counts I and II of Plaintiffs' Complaint and, in the Alternative, for Partial Summary Judgment Upon Defendant's Right to Recover Unpaid Fees; and (b) Defendant's Motion for Summary Judgment Regarding the Invalid Assignment of Plaintiffs' Standard Contract and Pre-Existing Claims from the Partial Breach of that Contract, and any related responses, replies, or proposed findings thereto. The pertinent docket entries are 106, 107, 108, 109, 118, 119 and 123 in Vermont Yankee, and 55, 56, 57, 58, 68, 69, and 73 in Entergy Nuclear Vermont Yankee. Absent opposition from Plaintiffs, these motions and appendices shall be unsealed.

B. Redesignation of Protected Material

Defendant alleges that all of the 240 documents produced thus far by Plaintiffs are designated as material subject to the protective order, but that many of these documents do not contain any confidential information. Vermont Yankee has marked every document it has produced with a protective order legend, and Entergy Nuclear Vermont Yankee ("ENVY") indicated in a cover letter accompanying its document production response that the entire production is subject to the protective order. Some of the marked documents are routine correspondence relating to contract administration. Another marked document, the Purchase and Sale Agreement between Vermont Yankee and ENVY, is available on the Internet. As Defendant notes, "this wholesale designation of documents . . . does not comply with the letter or the spirit of the protective order." (Defendant's Motion at 6).

At the current stage, with 240 documents having been produced, it is not an undue burden to require Plaintiffs to re-examine and re-classify their documents. It is preferable for Plaintiffs to implement proper practices now, rather than waiting until later when the burden will be greater. Accordingly, Plaintiffs are directed to re-examine and re-classify their documents under the protective order within 30 days from the issuance of this Order. Thereafter, the parties are expected to work cooperatively to resolve any disagreements relating to document designations under the protective order.

C. Issuance of Revised Protective Order

Defendant requests that the Court issue a revised protective order to make the following changes: (1) in paragraph 10, modify the language relating to the return or destruction of confidential material so that this obligation will apply within 90 days after the conclusion of the spent nuclear fuel litigation; and (2) in paragraph 2, require that the specified protective legend be placed on each page of any protected document to assist in guarding against inadvertent disclosure. Plaintiffs do not oppose these revisions, except to say that the requirement to affix a protective legend on each page should be made prospective only. The Court accepts these respective positions, and will issue the revised protective order.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge