**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,**<br><br>**and**<br><br>**ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **Nos. 02-898C & 03-2663C**<br>**(Judge Wheeler)** |

## JOINT STATUS REPORT

In accordance with the Court's request made during the telephonic status conference held Janaury 24, 2007 for the parties to submit a proposed schedule for discovery and future proceedings in these cases, plaintiffs, Vermont Yankee Nuclear Power Corporation ("VYNPC"), Entergy Nuclear Vermont Yankee, LLC, and Entergy Nuclear Operations, Inc. (collectively for these purposes "ENVY"), and defendant, The United States, respectfully file this joint status report.

The parties have discussed schedules and have been unable to agree on a single schedule that is acceptable to all parties. Accordingly, the parties' respective positions are set forth herein.

## I. VYNPC'S POSITION

VYNPC proposes the following schedule for its case:

| | |
|---|---|
| Initial Disclosures Due | May 1, 2007 |
| Discovery Begins | May 1, 2007 |

| | |
|---|---|
| Provide Damages Information as Contemplated in Paragraph (a) of the Court's draft Pretrial Order on Damages[1] | January 25, 2008 |
| Receiving Parties' Audit/Examination Statements as Contemplated in Paragraph (c) of the Court's draft Pretrial Order on Damages Due | May 23, 2008 |
| Expert Reports Due | June 6, 2008 |
| Rebuttal Expert Reports Due | September 5, 2008 |
| Expert Depositions | Sept. 5, 2008 to Nov. 25, 2008 |
| End of Discovery | November 25, 2008 |
| Meeting of Counsel | December 16, 2008 |
| VYNPC's Contentions of Fact and Law Due | January 30, 2009 |
| Defendant's Contentions of Fact and Law Due | March 2, 2009 |
| Witness and Exhibit Lists Exchanges | April 2, 2009 |
| Pretrial Conference | April 17, 2009 |
| Trial | April 28-May 7, 2009 |

VYNPC notes that ENVY's proposed schedule, set forth in Section II below, is stated to driven by four propositions. VYNPC must respond to ENVY's propositions 2 through 4.

First, with respect to ENVY's argument that VYNPC assigned the right to pursue damages for *any* costs that were actually expended in connection with on-site spent fuel storage activities, including costs spent by VYNPC prior to closing, VYNPC firmly disagrees. It is clear from the Purchase and Sale Agreement ("P&S Agreement"), which this Court has previously examined, that in selling the power station to ENVY, VYNPC expressly reserved "claims as may

---

[1] VYNPC will not address diminution in value damages in the procedures set forth in the draft Pretrial Order on Damages; diminution in value damages will be set out in VYNPC's expert report.

relate to the one-time fee with respect to fuel used to generate electricity prior to April 7, 1983." P&S Agreement, Article II, Section 2.1(n) The P&S Agreement also made clear that, in retaining the obligation to pay the one-time fee when it becomes due, the parties understood that such payment would be "*subject to any rights of set-off* to which the Seller may be entitled by reason of the Department of Energy's defaults under said DOE Standard Contract." P&S Agreement, Article VI, Section 6.11(b) (emphasis added). Thus, it is apparent that VYNPC retained claims against the government related to the Department of Energy's breach. This Court recently concluded that, at this stage of the case, it could not determine whether, as a matter of law, "all of Vermont Yankee's claims have been assigned to ENVY, or whether there is any overlap between the claims of Vermont Yankee and ENVY. The precise nature and components of the Vermont Yankee and ENVY claims must await further development and trial on the merits." *Vermont Yankee Nuclear Power Corporation v. United States*, 73 Fed. Cl 236, 242 (2006). VYNPC is developing its case and will ultimately present evidence establishing the extent to which it retained claims based on the DOE breach. In the meantime, it would be inappropriate for the Court to establish any schedules based on the unsupported allegations of ENVY that VYNPC assigned its rights to pursue damages for any and all costs actually expended in connection with on-site spent fuel storage activities.

Second, with respect to ENVY's position that parallel discovery should not be necessary in these cases, VYNPC does anticipate the need to obtain discovery from ENVY in the near term to assist in the development of the claims retention issues about which VYNPC and ENVY disagree. VYNPC does not anticipate such discovery being intrusive or unduly burdensome for ENVY. Moreover, it is in the best interests of the all of the parties, and in the best interests of

judicial economy, to resolve the claims retention issues in the near term, and for the discovery necessary for such resolution not to wait until 2008.

Finally, with respect to ENVY's position that the pre-trial order on damages approach should apply to *all* claims, VYNPC objects to the application of this approach to VYNPC's diminution in value claim. For the reasons expressed by counsel for VYNPC during the telephonic status conference held January 24, 2007, the pretrial order on damages does not adapt itself well to diminution in value damages, which are clearly legitimate damages in cases such as this. *See Boston Edison Company v. United States*, 64 Fed. Cl. 167, 179-84 (2005). Diminution in value claims are most appropriately set out in expert reports. This has been done in previous cases such as *Boston Edison Company, supra*, in a very efficient and responsive manner, and our proposed schedule set forth above facilitates this proven approach. Requiring diminution in value damages to be presented in the pretrial order on damages approach would be akin to trying to fit a square peg in a round hole. For the reasons stated by counsel in the above-referenced January 24,2007 status conference, diminution in value claims do not lend themselves to the type of organization set forth in the proposed pre-trial order. As experience has shown in other cases before this Court, diminution in value claims are best expressed in detailed expert reports. As a result, VYNPC strenuously objects to ENVY's proposed approach.

## II. ENVY'S POSITION

Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc. (collectively for these purposes "ENVY") respectfully submit the following proposed schedule for pretrial and trial proceedings. ENVY's proposed schedule, which differs from those proposed by both Vermont Yankee Nuclear Power Company ("VY") and by the government, is driven by several propositions.

First, as ENVY has previously informed the Court, the dry storage activities that will constitute the bulk of the breach of contract damages sought by ENVY involve a facility that is not yet fully constructed or operational. Current plans are for the facility to be operational in or around October 2007. ENVY wishes to avoid prosecution of claims for only a partially-completed major capital project and associated activities. Importantly, ENVY also wishes to avoid the diversion of current company resources at a critical operational juncture.

Second, ENVY's position is that the right to pursue as damages any costs that were actually expended in connection with on-site spent fuel storage activities, including costs spent by VY prior to closing of the sale of the plant, were validly assigned to ENVY by the Purchase and Sale Agreement ("P&S Agreement"). (ENVY also notes that its own internal due diligence to date suggests that any pre-closing expenditures are likely to be relatively modest, especially in comparison to the substantial costs that will be sought in connection with the dry storage capital project and associated activities.) This Court has assessed the P&S Agreement in some detail, and correctly ruled that "Vermont Yankee explicitly assigned its pre-existing damages claims to ENVY." *Vermont Yankee Nuclear Power Corporation v. United States*, 73 Fed. Cl. 236, 242 (2006). VY reserved for itself only "such claims as may relate to the one-time fee with respect to fuel used to generate electricity prior to April 7, 1983." *Id.,* 73 Fed. Cl. at 239 (*quoting* P&S Agreement, Article II, Section 2.1(n)). Whatever that one-time fee claim reservation may mean (and ENVY believes such language merely reflected symmetry with the retained one-time fee obligations), it clearly does not entitle VY to pursue as damages from the government any costs actually spent in connection with study of spent fuel storage options or other activities at the site.

Third, as ENVY has previously stated to the Court, ENVY is agreeable to taking reasonable steps toward avoiding duplicative discovery in its case, No. 03-2663, and in VY's

case, No. 02-898. Given the abovementioned transfer of damages claims to ENVY, however, ENVY questions just how much overlap there is likely to be. Because it is only ENVY that has the right to pursue actual expenditures associated with spent fuel storage activities as contract breach damages, evidence regarding such contractual matters will not be relevant to VY's one-time fee claims (whatever those claims might be). Parallel discovery schedules will not be necessary, nor would consolidated trials be warranted. In any event, to the extent that either party to VY's case seeks intrusive discovery of current ENVY personnel involved in the ongoing dry storage construction and related projects prior to late fall of 2007, ENVY strenuously opposes any schedule that would impose such burdens upon the operation of the nuclear power plant.

Fourth, for its own claims, ENVY is agreeable to the pre-trial order on damages approach that the Court has suggested in this and other cases, but believes it should apply to all claims, including VY's one-time fee claim.

In light of these factors, ENVY respectfully proposes the following pre-trial and trial schedule. To the extent an alternative schedule by VY can accommodate the above concerns, ENVY does not oppose such a schedule. As noted above, however, to the extent that pre-trial activities under any proposed schedule would impose significant burdens upon current ENVY personnel prior to late fall of 2007, ENVY would vigorously oppose such a schedule.

*Entergy Nuclear Vermont Yankee LLC et al. v. United States*, No. 03-2663

ENTERGY PLAINTIFFS' PROPOSED PRE-TRIAL SCHEDULE

| | |
|---|---|
| January 4, 2008 | Discovery commences |
| February 22, 2008 | Initial Disclosures; Plaintiffs' Damages Schedules in response to Order on Pre-trial Damages Produced |
| February 22, 2008 | Plaintiff's Expert reports due |

| | |
|---|---|
| June 6, 2008 | Defendant's Expert Reports due |
| September 5, 2008 | Plaintiffs' Rebuttal Expert Reports Due |
| May 7, 2009 | Discovery closes |
| September 2009 | Trial |

## III. THE GOVERNMENT'S POSITION

The Government respectfully provides its position with regard to the schedule to be adopted by the Court. The Government does not seek to accelerate the schedule for the consideration of this case both because of the plaintiffs' apparent desire to delay development of these cases until 2008 and the continuing work required in other spent nuclear fuel cases required of Government counsel. However, taking into account the Court's comments during the January 24, 2007 status conference, we do not believe that the schedules that the plaintiffs are proposing are appropriate. Accordingly, the Government provides its own schedule which identifies the time periods that the Government requires to conduct proper discovery in this case, once the Court determines when it would like discovery in this case to begin.

| | |
|---|---|
| Discovery commences<br>- Initial Disclosures<br>- Plaintiffs' Damages Disclosures, pursuant to Pretrial Order on Damages | Date X |
| Plaintiffs' expert reports | Date X + 2 months |
| Defendant's expert reports<br>- Response to Plaintiffs' Damages Disclosures, pursuant to Pretrial Order on Damages | Date X + 10 months |
| Close of discovery | Date X + 12 months |
| Trial | Date X + 18 months |

In developing this schedule, the Government has set forth the time it believes will be necessary for the Government to accomplish its efforts in the development of this case for trial. Neither of the schedules proposed by the plaintiffs provide sufficient time for the Government's audit of the damages disclosures or for the Government's preparation of responsive expert reports. Vermont Yankee's proposed schedule only allows four months for the audit of its damages disclosure (January 25 to May 23, 2008) and three months for the preparation of Government's expert reports (June 6 to September 5, 2008). ENVY's proposed schedule only allows four months for both of these activities (February 22 to June 6, 2008). The Government requests that it be allowed 10 months for the audit of plaintiffs' damages claims accords with the schedule that the Court adopted in Carolina Power & Light Corp. v. United States, No. 04-37C (Fed. Cl.). Pretrial Order on Damages, issued March 23, 2006; see also Pretrial Order on Damages in Consolidated Edison Co. of New York, Inc. v. United States, No 04-33C (Fed. Cl.) (issued March 9, 2006) (requiring Government's response to damages disclosure to be provided six months after plaintiff's damages disclosure). Given that the Government will apparently receive two overlapping damages disclosures, the Government will require the entire 10-month time period to sort out the claims and conduct its audit. The Government also requests that it be allowed eight months to provide its expert reports. Although this period is longer than that granted by the Court in either Carolina or Consolidated Edison, the Government's experience in Consolidated Edison and other spent fuel cases involving diminution in value claims before the Court has demonstrated that more time is necessary to prepare these responsive expert reports.

VYNPC's proposed schedule sets forth many intermediate deadlines during the conduct of discovery and deadlines for the pre-trial proceedings. The Government believes that intermediate deadlines are not necessary and will only necessitate enlargements as the parties

proceed through discovery. The Government also believes that the Court need not establish deadlines for pre-trial proceedings at this time. ENVY's proposed schedule provides a date for the submission of "plaintiff's rebuttal expert reports." The Government does not believe that the Court should establish a date for the submission of such reports, until such time as ENVY demonstrates the need for such a report and can establish that the needed report is truly in the nature of "rebuttal" to the reports of the Government's experts.

VYNPC renews its request that its diminution-in-value claims not be subject to the Court's Pretrial Order on Damages. The Government disagrees with VYNPC's contention that these claims do not lend themselves to the audit procedures required by the Court's Pretrial Order on Damages and requests that the Court require that these claims be subject to the requirements of that order, as the Court has done in Consolidated Edison.

The Government requests that this case continue to be consolidated for purposes of discovery proceedings and for the purposes of trial. See Consolidation Order, issued Aug. 16, 2006. While plaintiffs seek to establish different discovery schedules and request different trial dates, the Court should deny this request, particularly in light of the apparent dispute between the plaintiffs regarding which of them may prosecute the claims for damages that may have been incurred prior to the date of the assignment. As the Court recognized in its order denying the Government's motion for summary judgment regarding the assignment of claims, the Government has a "legitimate concern that [it] not be subjected to a double payment of the same damages to two different plaintiffs." *Vermont Yankee*, 73 Fed. Cl. at 242. Requiring the plaintiffs to pursue these overlapping claims in a single trial proceeding is the only way to preclude this double recovery of damages. In any event, the parties' cases both involve the same

contract, the same reactor, and the same delay, warranting consolidation to reduce duplication of resources and effort, as well as the possibility of inconsistent judgments.

The plaintiffs do not dispute that coordination of discovery will be necessary. VYNPC states that it will require discovery from ENVY to establish its claims, and ENVY agrees that "reasonable steps" will be necessary to avoid duplicative discovery. In light of this overlap in claims and discovery requirements, the plaintiffs cannot justify their request to conduct discovery on separate schedules.

Date: February 15, 2007

Respectfully submitted,

s/Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

*Attorney for Plaintiff Vermont Yankee Nuclear Power Corporation*

s/Brad Fagg
Brad Fagg (Counsel of Record)
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 (Phone)
(202) 739-3001 (Fax)

Of Counsel:

L. Jager Smith, Jr.
WISE CARTER CHILD
& CARAWAY, P.A.
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5572
(601) 368-5816 (fax)

*Attorneys for Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc.*

Peter D. Keisler
Assistant Attorney General

Jeanne E. Davidson
Acting Director

Harold D. Lester, Jr.
Assistant Director

s/Marian Sullivan
Marian E. Sullivan
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, 8th floor
Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0365 (Phone)
(202) 307-2503 (Fax)

*Attorneys for Defendant*

**CERTIFICATE OF FILING**

I hereby certify that on this 15th day of February, 2007, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

s/Scott Arnold
Scott Arnold