**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,** | ) | |
| **and** | ) | |
| **ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al.,** | ) | **Nos. 02-898C & 03-2663C** |
| **Plaintiffs,** | ) | **(Judge Wheeler)** |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**RESPONSE OF ENTERGY PLAINTIFFS TO VERMONT YANKEE NUCLEAR POWER CORPORATION'S MOTION FOR MODIFICATION OF DISCOVERY SCHEDULE**

Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc. (for these purposes, "Entergy"), respectfully submit the following response to Vermont Yankee Nuclear Power Corporation's Motion for Modification of Discovery Schedule.

Vermont Yankee Nuclear Power Corporation ("VYNPC") seeks to "bifurcate" discovery, and also to extend several deadlines relating to expert reports, production of damages information, and the close of discovery in Case No. 02-898C. Those requests seem to involve, mostly, matters between VYNPC and the government. Entergy files this short response, however, to make clear that it does not concur with all of the characterizations of the two cases in VYNPC's motion, nor does Entergy understand the need for the relief requested by VYNPC.

First, Entergy does not believe that "bifurcation" of discovery is necessary to ensure an early resolution of the assignment of claims issues, which Entergy supports and agrees to be sensible. Indeed, "bifurcation" could conceivably be counterproductive and result in duplicative discovery, if, for example, VYNPC were to take the position that it could depose the same

Entergy witnesses twice, once for purposes of standing or ownership of claims purposes, and again for purposes of support for alleged claims. Entergy would oppose such duplication.

Second, Entergy does not believe there to be inherent benefits to placing the discovery schedules in the two cases on closer "tracks." The claimed damages and evidence in the two cases will be fundamentally different. Any evidence of actual expenditures incurred as a result of DOE's breach will be relevant only to Entergy's claims, because VYNPC assigned its claims, pre-existing at the time of assignment, to Entergy. *See Vermont Yankee Nuclear Power Corporation v. United States*, 73 Fed. Cl. 236, 241-42 (2006). Entergy expects that VYNPC's purported claims, by contrast, will involve assertions of expected future expenditures resulting in alleged diminution in value of the plant. Any relevant discovery and evidence would be wholly unrelated to the straightforward actual expenditures upon which Entergy's claims will be based. Moreover, to the extent that the extensions requested by VYNPC will result in delay of the proceedings, a likely result is increased costs for all concerned. Entergy has real-world operational reasons for deferring active prosecution of its own claims for a modest period (which the Court has accommodated, and for which Entergy is appreciative), but as a general matter Entergy supports expeditious resolution of pending matters.

Date: May 4, 2007

/s Brad Fagg
Brad Fagg (Counsel of Record)
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 (Phone)
(202) 739-3001 (Fax)

*Attorneys for Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc.*

Of Counsel:

L. Jager Smith, Jr.
WISE CARTER CHILD
& CARAWAY, P.A.
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5572
(601) 368-5816 (fax)

**CERTIFICATE OF FILING**

I hereby certify that on this 4th day of May, 2007, a copy of the foregoing "Response of Entergy Plaintiffs to Vermont Yankee Nuclear Power Corporation's Motion For Modification of Discovery Schedule," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

s/ Brad Fagg