**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,**<br><br>**and**<br><br>**ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **Nos. 02-898C & 03-2663C**<br>**(Judge Wheeler)** |

**PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S REPLY TO RESPONSE OF ENTERGY PLAINTIFFS TO VERMONT YANKEE'S MOTION FOR MODIFICATION OF DISCOVERY SCHEDULE**

Plaintiff Vermont Yankee Nuclear Power Corporation ("VYNPC") respectfully replies to the Response filed by plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc. (collectively "Entergy") to VYNPC's Motion for Modification of Discovery Schedule.[1]

Entergy first expresses concern about a bifurcated discovery schedule "conceivably being counterproductive" should VYNPC take the position that it could depose the same Entergy witnesses twice, and states that Entergy would oppose this. VYNPC believes that more than one deposition of the same witness in this case should be avoided, has no intent to depose the same witnesses twice, and will do everything possible to avoid multiple depositions of the same witnesses.

[1] Defendant has not yet responded to or otherwise expressed a position on VYNPC's Motion. VYNPC reserves its right to reply to any response defendant may file. Such response is due May 21, 2007.

Entergy also suggests that there are no inherent benefits to placing the discovery schedules in the VYNPC and Entergy cases on similar tracks, because of different damages theories and evidence in the two cases. Although the claimed damages of VYNPC and Entergy will be different, Entergy argues incorrectly in citing this Court's October 19, 2006 decision for the proposition that all of VYNPC's claims pre-existing at the time of assignment were assigned to Entergy. In fact, this Court concluded that "[a]t this stage of the case, the Court is not able to determine as a matter of law whether all of Vermont Yankee's claims have been assigned to ENVY, or whether there is any overlap between the claims of Vermont Yankee and ENVY. The precise nature and components of the Vermont Yankee and ENVY claims must await further development and trial on the merits." *Vermont Yankee Nuclear Power Corporation v. United States*, 73 Fed. Cl. 236, 242 (2006). This is exactly why the requested schedule modification makes the most sense. It will facilitate resolution of these important issues earlier in the case. It will be far more economical and efficient for the parties and will conserve judicial resources if these issues are further developed now so that experts, in preparing their reports, can focus on the relevant damages.

Moreover, the fact that VYNPC and Entergy are, for the most part, likely to seek different damages certainly does not mean that there are no benefits to a similar discovery track for cases involving the same Standard Contract, the same breach of that contract, the same sales transaction and assignment and many of the same witnesses. The schedule changes requested by VYNPC will not delay the resolution of these cases, but rather will facilitate an orderly, efficient and achievable discovery process, and will not prejudice any parties.

Therefore, for the reasons set forth above and in VYNPC's May 2, 2007 Motion, VYNPC respectfully requests that: (1) discovery be bifurcated so that from May 1, 2007 through Setember 30, 2007, discovery is restricted to facts related to claims retention issues, with

discovery on any issues related to the case beginning October 1, 2007; (2) the due date for VYNPC's Pretrial Order on Damages information and expert reports be extended from October 5, 2007 to June 6, 2008; (3) the due date for defendant's response to VYNPC's Pretrial Order on Damages information and defendant's expert reports be extended from March 21, 2008 to November 24, 2008; and (4) close of discovery be extended from June 27, 2008 to February 20, 2009. Moreover, as explained in VYNPC's Motion, if the Court were to decide not to grant VYNPC's request for bifurcation of the discovery schedule, VYNPC requests that the Court still grant the enlargements described in items (2) through (4) above, as it is not feasible for VYNPC's expert reports to be completed by October 5, 2007, just five months after commencement of discovery.

Date: May 18, 2007

Respectfully submitted,

s/Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

*Counsel of Record for Plaintiff Vermont Yankee Nuclear Power Corporation*

Of Counsel:

Scott Arnold
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

**CERTIFICATE OF FILING**

I hereby certify that on this 18th day of May, 2007, a copy of the foregoing "PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S REPLY TO RESPONSE OF ENTERGY PLAINTIFFS TO VERMONT YANKEE'S MOTION FOR MODIFICATION OF DISCOVERY SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

s/Scott Arnold
Scott Arnold