IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 02-898C (Judge Wheeler) |
| ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 03-2663C (Judge Wheeler) |

DEFENDANT'S RESPONSE TO PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S MOTION FOR MODIFICATION OF DISCOVERY SCHEDULE

Defendant, the United States, respectfully provides the following response to the motion to modify the discovery schedule that plaintiff, Vermont Yankee Nuclear Power Corporation ("Vermont"), filed on May 2, 2007. While we oppose the proposed bifurcation of the case that Vermont requests, we do not oppose the requested enlargement of the dates for expert reports and the close of discovery.

Vermont seeks to bifurcate the discovery proceedings to allow discovery only to proceed regarding the "facts related to the extent to which Vermont retained claims upon the sale of the Vermont Yankee Nuclear Power Plant to Entergy," until September 30, 2007. After this point in time, discovery could be taken on "any issues relevant to the case." Vermont advocates the

bifurcation of discovery as a means to "resolve claims retention and possible claims overlap issues earlier in the case." Mtn. at 2. Vermont Yankee does not identify in its motion the exact nature of the claims overlap issues that can be resolved, but, in its initial disclosures, states that it expended between $1.5 and $4.7 million prior to the sale of the plant as a direct result of the Government's partial breach of the Standard Contract. Entergy Nuclear Vermont Yankee, LLC ("ENVY"), in its response to Vermont's motion, states that any actual expenditures at the plant, including those expenditures by Vermont, are claims owned by ENVY.

As the Court is aware, the Government sought summary judgment on the assignment of pre-breach claims by Vermont, showing that such an assignment was invalid. The Court denied the Government's motion, finding that "[t]he precise nature and components of the Vermont Yankee and Envy claims must await further development and trial on the merits." Vermont Yankee Nuclear Power Corp. v. United States, 73 Fed. Cl. 236, 242 (2006). Therefore, Vermont's proposed bifurcation is unlikely to lead to the early resolution of these matters. In addition, because we expect that many of the same former employees of Vermont will have to be deposed concerning their knowledge of ENVY's claims, we expect that Vermont's proposed bifurcation will require duplicate depositions. The Court's order on consolidation was intended to prevent this duplication. Moreover, we expect that the majority of the discovery that Vermont would seek to conduct during this early session would be discovery against ENVY because the Government does not have any information regarding the claims that Vermont retained, other than information that has been provided by Vermont or ENVY. Therefore, Vermont's proposed bifurcation would have the effect of simply delaying the Government's initiation of discovery into Vermont's claims, even thought the Government would be obligated to conduct other

discovery relating to the same witnesses. Vermont's proposal would render the Government's development of its case extremely inefficient and more costly. For these reasons, we oppose Vermont's proposed bifurcation of the discovery proceedings.

Although we oppose the proposed bifurcation, we do not oppose Vermont's request for an enlargement of the dates for the submission of expert reports and the close of discovery to the dates that Vermont proposed. As Vermont notes in its motion, Vermont's proposed schedule will be closer to the discovery schedule that the Court established for ENVY's case, which should substantially reduce, if not eliminate, the need to depose individuals with knowledge about both claims more than once. Moreover, under Vermont's proposed schedule, discovery will close on the same date and will allow the Court to schedule a single trial proceeding to consider the claims of both Vermont and ENVY. In this single trial proceeding, common witnesses will only have to testify once, and the Court can determine the Government's obligations to both plaintiffs.

For the foregoing reasons, the Government opposes Vermont's request to bifurcate the discovery schedule, but does not oppose Vermont's request for an enlargement and the changes that Vermont proposes to the discovery schedule.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-307-0365
Fax: 202-307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

May 21, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on the 21st day of May 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S MOTION FOR MODIFICATION OF DISCOVERY SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan