# In the United States Court of Federal Claims

Nos. 02-898C and 03-2663C

(Filed: May 23, 2007)

```
************************************* *
                                      *
VERMONT YANKEE NUCLEAR                *
POWER CORPORATION,                    *
                                      *
and                                   *
                                      *
ENTERGY NUCLEAR VERMONT               *
YANKEE, LLC, et al.,                  *
                                      *
                    Plaintiffs,       *
                                      *
 v.                                   *
                                      *
THE UNITED STATES,                    *
                                      *
                    Defendant.        *
                                      *
************************************* *
```

AMENDED DISCOVERY SCHEDULING ORDER

On May 2, 2007, counsel for Plaintiff Vermont Yankee Nuclear Power Corporation ("Vermont Yankee") filed a motion to bifurcate discovery in the above-captioned cases and to modify the discovery schedule established in the Court's March 1, 2007 Discovery Scheduling Order. On May 4, 2007, Plaintiffs Entergy Nuclear Vermont Yankee, LLC, *et al*. ("ENVY") filed a response in opposition to Vermont Yankee's motion. On May 21, 2007, defendant filed a response indicating its opposition to bifurcation, but assenting to the enlargement sought by Vermont Yankee.

Having considered the parties' positions, the Court hereby DENIES Vermont Yankee's motion to bifurcate discovery. Vermont Yankee's motion for an enlargement, however, is GRANTED IN PART. The schedule established in the March 1, 2007 Discovery Scheduling Order shall be modified to allow Vermont Yankee an additional 60 days to meet the discovery deadlines established therein. Accordingly:

Vermont Yankee (No. 02-898C):

1. Plaintiff's damages schedules and information in response to the Court's forthcoming Amended Pretrial Order on Damages, including any diminished value claims, are due by December 4, 2007. Support for Vermont Yankee's diminished value claim should be included in Plaintiff's damages schedules and information to the extent feasible. The diminished value claim also may be addressed in Plaintiff's expert reports.

2. Plaintiff's expert reports are due by December 4, 2007.

3. Defendant's response to Plaintiff's damages schedules and information, pursuant to the Court's forthcoming Pretrial Order on Damages, is due by May 20, 2008.

4. Defendant's expert reports are due by May 20, 2008.

5. Discovery shall close on August 26, 2008.

Entergy Nuclear Vermont Yankee (No. 03-2663C):

1. Initial disclosures are due by, and discovery shall begin on February 8, 2008.

2. Plaintiff's damages schedules and information in response to the Court's forthcoming Pretrial Order on Damages are due by March 14, 2008.

3. Plaintiff's expert reports are due by March 14, 2008.

4. Defendant's response to Plaintiff's damages schedules and information, pursuant to the Court's forthcoming Pretrial Order on Damages, is due by September 12, 2008.

5. Defendant's expert reports are due by September 12, 2008.

6. Discovery shall close on February 20, 2009.

Guidelines Applicable to Both Cases:

1. Discovery not specifically scheduled above may proceed in any fashion or sequence that the parties desire. To the extent that discovery in the two cases

overlaps, the parties may consider joint discovery (e.g., depositions, document production) in the interests of efficiency and economy.

2. Plaintiffs may submit rebuttal expert reports if they desire.

3. If the material facts are not in dispute, the parties are encouraged to address as a pretrial matter the disagreements between the Plaintiffs regarding the assignment of claims and any overlapping claims. The parties may consider cross-motions for partial summary judgment or motions *in limine* at the earliest reasonable time.

4. The parties are expected to work diligently to meet the dates set forth above, and to assign the necessary resources to these important cases. The Court will conduct a pretrial scheduling conference in each case toward the close of discovery.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge