# In the United States Court of Federal Claims

No. 02-898C

(Filed: May 23, 2007)

```
************************************ *
                                     *
VERMONT YANKEE NUCLEAR               *
POWER CORPORATION,                   *
                                     *
                    Plaintiff,       *
                                     *
 v.                                  *
                                     *
THE UNITED STATES,                   *
                                     *
                    Defendant.       *
                                     *
************************************ *
```

AMENDED PRETRIAL ORDER ON DAMAGES

On May 23, 2007 the Court issued an Amended Discovery Scheduling Order revising the timetable for discovery in this case. This Order constitutes the "forthcoming Amended Pretrial Order on Damages" referred to therein. Accordingly, in addition to the deadlines set forth in the Amended Discovery Scheduling Order, the parties shall observe the schedule and procedures described below.

For the damages disclosure required by RCFC 26(a)(1)(C), and, subsequently, for exhibits proposed in accordance with RCFC Appendix A, paragraph 13(a), the parties shall adhere to the following procedures:

1. On or before December 4, 2007, any party with a claim for damages shall provide to the other party any and all items and figures from books of account or other records which are to be introduced into evidence in this matter, and any calculations or estimates derived therefrom. The items and figures shall be set forth on separate schedules or summaries, as further described in paragraph (2) below.

2. Any schedule or summary provided pursuant to paragraph (1) above shall be

accompanied by a statement describing the source(s) for the items or figures listed (e.g., ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time during the discovery period when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who shall be made available to the opposing party during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures.

3. On or before May 20, 2008, a party who receives schedules or summaries pursuant to paragraph (a) shall arrange for a complete examination or audit as desired of the source material, preferably by person(s) available to provide testimony in any ensuing evidentiary proceedings. By the specified date above, the receiving party shall provide opposing counsel with a statement admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted pursuant to paragraph (1). The statement shall address each item and figure submitted, and shall set forth the results of the examination or audit of the source material. The statement shall include the reason(s) for any denial of accuracy as to specified items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence. Any item or figure not denied as to accuracy or admissibility by the date specified above shall be deemed not contested.

4. Proposed trial exhibits exchanged pursuant to RCFC Appendix A, paragraph 13(a), and listed pursuant to RCFC Appendix A, paragraph 16, shall include schedules setting forth all items and figures from books of account or other records, and calculations or estimates derived therefrom, which a party proposes be introduced into evidence with appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examination or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited only to those identified as contested.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge