**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,** | ) | |
| **and** | ) | |
| **ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al., Plaintiffs,** | ) | **Nos. 02-898C & 03-2663C (Judge Wheeler)** |
| **v.** | ) | |
| **THE UNITED STATES, Defendant.** | ) | |

**PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S OPPOSITION TO PLAINTIFFS ENTERGY NUCLEAR VERMONT YANKEE, LLC AND ENTERGY NUCLEAR OPERATIONS, INC'S MOTION FOR ENLARGEMENT OF TIME**

Plaintiff Vermont Yankee Nuclear Power Corporation ("VYNPC") respectfully opposes Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc.'s (collectively, "Entergy") Motion of Enlargement of Time ("Motion for Enlargement") to respond to VYNPC's Motion to Compel Complete Production of Documents ("Motion to Compel").

Entergy is requesting a full month to respond to the Motion to Compel that VYNPC filed November 7, 2007. Such an enlargement is unjustified given the Entergy-caused delays to which VYNPC has already been subjected in obtaining a complete document production from Entergy, and the severe prejudice that VYNPC will suffer through further Entergy's further delays in providing such documentation. VYNPC's experts are unable to properly complete their expert reports now due January 3, 2008 without the internal cash flow analyses on

decommissioning, due diligence reports, and valuation models[1] that Entergy has failed to produce. Yet, Entergy is requesting permission to wait until merely 27 days before that deadline – including the Christmas and New Year holiday period – to even respond to VYNPC's Motion to Compel. That is unacceptable.

The documents at issue were requested in VYNPC's First Request for Production of Dcouments to Entergy served June 21, 2007.[2] Entergy sought and obtained a 30-day enlargement of time to respond to the discovery request. On September 19, 2007, in response to complaints from counsel for VYNPC, counsel for Entergy ackowledged that not all responsive documents had been produced to VYNPC, and on September 24, 2007 VYNPC again emphasized to Entergy the need for a complete production.[3] VYNPC's additional review and analysis of the documents that Entergy did produce, as well documents produced by third parties, made it increasingly apparent that critical documents were missing, which VYNPC explained in detail to Entergy on October 11, 2007.[4] On October 19, 2007, Entergy stated that it was "re-reviewing possible sources" for the missing documents; on October 26, 2007, VYNPC emphasized that the missing documents needed to be produced or VYNCP would need to seek an order from the Court compelling production.[5] On October 29, 2007, Entergy suggested for the first time that Entergy had "no business reason" to retain the documents at issue.[6] However, when requested by VYNPC to state whether any of the documentation at issue had been destroyed, Entergy's counsel retreated from the suggestion that the documents had not been

---

[1] *See* pages 2-8 of the Motion to Compel for a more detailed discussion of the missing documents.

[2] Motion to Compel, Exhibit A.

[3] Motion to Compel, Exhibit B.

[4] Motion to Compel, Exhibit P.

[5] Motion to Compel, Exhibits Q and R.

[6] Motion to Compel, Exhibit S.

retained, and asserted that he had "no specific information regarding the discard or destruction of any particular documents."[7] VYNPC, exasperated in its efforts to obtain this critical documentation, then filed its Motion to Compel.

Entergy has had almost five months to obtain the information necessary to explain the status of the missing documents. VYNPC and Entergy have been discussing the fact that Entergy's production is incomplete for nearly two months. Indeed, Entergy's claim that it needs a full month to respond to the Motion to Compel is inconsistent with its suggestion that it has already conducted thorough enough searches to conclude that the documents at issue do not exist.

Entergy's suggestion that the "essence" of the Motion to Compel is mere "speculation" on the part of VYNPC not only begs the question, but is wrong. The Motion to Compel demonstrates not only that Entergy has failed to produce the type of documentation that it is known to have generated in its acquisition of nuclear plants, but that Entergy has failed to produce documents that it generated and *were* produced by third parties in this litigation, and has also failed to produce critical documents that are referenced in the documents Entergy *did* produce.[8] The only remaining possible explanation for the nonexistence of these materials is that they were all destroyed. However, given counsel for Entergy's stated unawareness of any responsive documents having been destroyed or discarded,[9] it is unreasonable to expect VYNPC

---

[7] Motion to Compel, Exhibits T and U.

[8] For example, Entergy produced a "Vermont Yankee Action Items" list that included as the first action item "Decommissioning Cost Comparisons," Motion to Compel, Exhibit C, yet Entergy failed to produce any documentation reflecting internal analyses or discussions regarding decommissioning of the Vermont Yankee Nuclear Power Station. Similarly, Entergy produced a "Briefing Paper" that makes express reference to other documents addressing Entergy's valuation modeling that are clearly responsive and relevant to this litigation, Motion to Compel, Exhibit O, yet Entergy failed to produce these documents. Additional examples are addressed in the Motion to Compel, pp. 3-8.

[9] Motion to Compel, Exhibit U.

to accept any claim that the documents do not exist. Indeed, counsel's unawareness of any document destruction belies Entergy's suggestion that VYNPC will not be prejudiced by an enlargement because Entergy "expects to confirm" that the documents at issue do not exist.

VYNPC respectfully requests that the Court deny Entergy's Motion for Enlargement, and schedule an expedited hearing on the VYNPC's Motion to Compel as soon as practicable.

Date: November 16, 2007

Respectfully submitted,

s/Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

*Counsel of Record for Plaintiff Vermont Yankee Nuclear Power Corporation*

Of Counsel:

Scott Arnold
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

**CERTIFICATE OF FILING**

I hereby certify that on this 16th day of November, 2007, a copy of the foregoing "PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S OPPOSITION TO PLAINTIFFS ENTERGY NUCLEAR VERMONT YANKEE, LLC AND ENTERGY NUCLEAR OPERATIONS, INC'S MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

s/Scott Arnold
Scott Arnold