**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,**<br><br>**and**<br><br>**ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **Nos. 02-898C & 03-2663C**<br>**(Judge Wheeler)** |

**PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S MOTION FOR LEAVE TO FILE A CORRECTED VERSION OF ITS UNOPPOSED MOTION FOR ENLARGEMENT OF TIME**

Plaintiff Vermont Yankee Nuclear Power Corporation ("VYNPC") respectfully requests leave to file the attached corrected unopposed motion for enlargement of time. In the original motion, VYNPC incorrectly stated that the requested enlargement of time is 116 days; the enlargement of time being sought is actually 106 days. The dates set forth in the original motion are correct.

Date: November 27, 2007

Respectfully submitted,

s/Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

*Counsel of Record for Plaintiff Vermont Yankee Nuclear Power Corporation*

Of Counsel:

Scott Arnold
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

**CERTIFICATE OF FILING**

I hereby certify that on this 27th day of November, 2007, a copy of the foregoing "PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S MOTION FOR LEAVE TO FILE A CORRECTED VERSION OF ITS UNOPPOSED MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

s/Scott Arnold
Scott Arnold

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION,<br><br>and<br><br>ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al.,<br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Nos. 02-898C & 03-2663C<br>(Judge Wheeler) |

**PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S CORRECTED UNOPPOSED MOTION FOR ENLARGEMENT OF TIME**

Pusuant to Rule 6(b) of the Rules of the Court of Federal Claims, Plaintiff Vermont Yankee Nuclear Power Corporation ("VYNPC") respectfully requests an enlargement of time of 106 days, through and including April 18, 2008, in which time to file its expert reports and damages schedules and information in response to the Court's Amended Pretrial Order on Damages. This information was originally due October 5, 2007. The Court enlarged the due date to December 4, 2007 when it partially granted VYNPC's May 2, 2007 Motion for Modification of Discovery Schedule.[1] The Court subsequently enlarged the due date to January 3, 2008 when it granted the parties' Joint Motion for Modification of Discovery Schedule, which was filed to accommodate a request by Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc. (collectively, "Entergy") for a 30-day enlargement of time in which to respond to VYNPC's discovery requests.

Counsel for VYNPC has discussed this Motion with counsel for Defendant and Entergy, respectively. Defendant does not oppose this Motion, assuming that the due dates for

[1] VYNPC had sought an enlargement to June 6, 2008.

its expert reports and response to VYNPC's damages schedules and information, and close of discovery, are similarly enlarged by 106 days to October 3, 2008 and December 10, 2008, respectively. VYNPC agrees that this is appropriate. *See* note 6, *infra*. Entergy does not oppose the enlargement request, but does not necessarily concur with VYNPC's characterizations of its pending motion to compel.

As the Court is aware, on November 7, 2007, VYNPC filed a Motion to Compel Complete Production of Documents by Entergy ("Motion to Compel"). VYNPC asserted in its Motion to Compel that, nearly five months after having served its document requests on Entergy, Entergy: (1) had failed to produce key documentation related to VYNPC's diminished value damages, including internal cash flow analyses on decommissioning, due diligence reports, and valuation models; and (2) had failed to adequately explain why such documents – which Entergy is known to generate when it acquires nuclear plants and which were referenced in documentation Entergy *did* produce – were unavailable. Although counsel for Entergy suggested for the first time on October 29, 2007 that Entergy had "no business reason" to retain the documents at issue,[2] counsel subsequently stated that he had "no specific information regarding the discard or destruction of any particular documents."[3] The information that VYNPC believes to be contained in these documents, Entergy's understandings and assumptions in agreeing to the terms of its acquisition of the Vermont Yankee Nuclear Power Station, bears directly on VYNPC's diminished value damages.

On November 19, 2007, the Court granted Entergy's Motion for Enlargement of Time through December 7, 2007 to respond to VYNPC's Motion to Compel. Notwithstanding VYNPC's diligent efforts during the past five months to obtain the information necessary for

---

[2] Motion to Compel, Exhibit P.

[3] Motion to Compel, Exhibit U.

completion of its expert reports,[4] it is now apparent that VYNPC will not have this information in time for its experts to complete their reports and related damages quantification by Janaury 3, 2008. Assuming that Entergy does produce the documents sought by VYNPC following resolution of VYNPC's Motion to Compel, this will not occur until, at the earliest, very shortly before January 3, 2008, leaving VYNPC's experts inadequate time to analyze the information and incorporate it in their reports. Alternatively, assuming that Entergy "confirm[s] that the documents requested by VYNPC that VYNPC believes to exist simply do not," as Entergy states it expects to do,[5] VYNPC will need to obtain the information that it has reasonably believed to be contained in such documents through other means, including depositions of Entergy witnesses, which will necessarily be time-consuming and make it impossible for VYNPC's experts to complete their expert reports by January 3, 2008.

Under these circumstances, an enlargement of time through April 18, 2008 to permit VYNPC's experts to complete their reports and for VYNPC to complete its computation of damages is reasonable and necessary, and will not prejudice any party.[6]

---

[4] VYNPC's efforts to obtain this information are summarized in its Motion to Compel, pp. 1-2, 8-9, and in its Opposition to Entergy's Motion for Enlargement of Time, filed November 16, 2007, pp. 2-3.

[5] Entergy's Motion for Enlargement of Time, filed November 15, 2007, p. 3.

[6] Defendant's expert reports and response to VYNPC's damages schedules and information are currently due June 19, 2008, and close of discovery is currently scheduled for August 26, 2008. These dates can similarly be enlarged by 106 days to October 3, 2008 and December 10, 2008, respectively, without prejudice to any party.

Date: November 27, 2007

Respectfully submitted,

s/Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

*Counsel of Record for Plaintiff Vermont Yankee Nuclear Power Corporation*

Of Counsel:

Scott Arnold
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

**CERTIFICATE OF FILING**

I hereby certify that on this 27th day of November, 2007, a copy of the foregoing "PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S CORRECTED UNOPPOSED MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

s/Scott Arnold
Scott Arnold