IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION,<br><br>and<br><br>ENTERGY NUCLEAR VERMONT YANKEE, LLC, *et al.*,<br><br>Plaintiffs.<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | ) | Nos. 02-898C & 03-2663C<br>(Judge Wheeler) |

DEFENDANT'S RESPONSE TO PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S MOTION TO COMPEL COMPLETE PRODUCTION OF DOCUMENTS

Defendant, the United States, respectfully responds to certain aspects of the motion to compel filed by one of the plaintiffs in these cases, Vermont Yankee Nuclear Power Corporation ("VYNPC"), against other plaintiffs, Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations (collectively, "Entergy").

DISCUSSION

On November 7, 2007, VYNPC filed a motion to compel against Entergy based upon Entergy's response to VYNPC's document production request to Entergy. Entergy filed its opposition to the motion on December 7, 2007 and, on December 21, 2007, VYNPC filed its reply. In its reply, VYNPC alleges that Entergy "admitted that it destroyed potentially

responsive documents," Reply at 1, 7-8, and, for the first time, requests that the Court "adopt an adverse inference with regard to Entergy's spoliation." Reply at 8.[1]

It is unclear from VYNPC's reply brief exactly what the adverse inference is that VYNPC requests the Court to adopt. Absent any specific request for a particular adverse inference, the parties, and the Court, are left to speculate as to precisely what relief VYNPC seeks. However, to the extent that VYNPC is seeking an adverse inference against Entergy which VYNPC can then use as the predicate to establish damages against the Government – a party who has no involvement in the instant discovery dispute – the adoption of such an adverse inference is inappropriate.

As the Court explained in United Medical Supply Co. v. United States, 77 Fed. Cl. 257 (2007), when a court adopts an adverse inference as a sanction for spoliation, it infers "that the

---

[1] As an initial matter, VYNPC asserts that Entergy somehow had a duty to preserve documents related to the valuation of the nuclear power plant because "claims against the Government were contemplated both in the Confidential Offering Memorandum, which was distributed in April 2001 . . . and in the Purchase and Sale Agreement, which was executed on August 15, 2001." Implicit in VYNPC's assertion is that Entergy should have contemplated that VYNPC would bring a claim for diminished value based upon the purchase price it ultimately received from Entergy. However, neither the Confidential Offering Memorandum nor the Purchase and Sale Agreement discuss diminished value claims. Indeed, VYNPC's initial complaint makes no reference to diminished value claims. Instead, it discusses increased storage costs and an alleged taking under the Fifth Amendment of the United States Constitution, claims much like the majority of spent nuclear fuel complaints filed in the Court of Federal Claims. Rather, it was not until VYNPC filed its amended complaint on January 30, 2004 that, for the first time, VYNPC alleged that DOE's delay in acceptance resulted in a diminished purchase price for the nuclear plant. VYNPC Amend. Compl. ¶26.

Further, to the extent that VYNPC asserts that an adverse inference is justified based upon Entergy's failure to retain email related to the sale of the nuclear facility, VYNPC Reply 7-8, such an assertion appears contradicted by the Court's February 15, 2006 order, which expressly provides that parties have no obligation to preserve or retain email, subject to certain exceptions which do not apply to the instant matter.

destroyed evidence would have been favorable to the opposing side." Id. at 263 (emphasis added). Further, even where the Court finds spoilation, "it must construct a sanction that is just and proportionate in light of the circumstances underlying the failure to preserve relevant evidence, as well as the punitive, prophylactic, remedial and institutional purposes to be served by such sanctions." Id. at 270.

Although VYNPC may be on the opposite side of Entergy in this particular motion, VYNPC is the opposing party to the Government in this litigation. Indeed, in VYNPC's initial motion, it claims that the documents at issue are "essential for VYNPC's experts to be able to properly quantify damages . . . ." VYNPC Mot. 1-2. Accordingly, it appears that VYNPC is requesting that the Court adopt an adverse inference that Entergy's documents would have reflected a diminished purchase price related to the Government's delay in spent fuel acceptance, which VYNPC can then use as the basis for claiming increased damages against the Government. We are aware of no case law that would support the imposition of an adverse inference against one plaintiff which may then be used as the predicate to a damages award against a defendant who had no involvement in the underlying discovery dispute. Indeed, such a result would run directly contrary to the sanction's purpose: "to punish the spoliator, so as to ensure that it does not benefit from its misdeeds . . . ." United Medical, 77 Fed, Cl. at 264 (emphasis added). Accordingly, to the extent that the Court determines that Entergy has somehow violated its discovery obligations in this case, the sanction of an adverse inference would be inappropriate under the circumstances.

CONCLUSION

For the foregoing reasons, we respectfully request that, to the extent that the Court concludes that Entergy violated its discovery obligations and determines that sanctions are appropriate, it not impose an adverse inference for use against the Government.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-7583
Telecopy: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., N.W.
Washington, D.C. 20585

MARIAN E. SULLIVAN
Senior Trial Counsel

JOSEPH E. ASHMAN
Trial Attorney
U.S. Department of Justice

January 10, 2008

CERTIFICATE OF FILING

I hereby certify that on this 10th day of January 2008, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S MOTION TO COMPEL COMPLETE PRODUCTION OF DOCUMENTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joshua E. Gardner