# In the United States Court of Federal Claims

Nos. 02-898C and 03-2663C

(Filed: January 31, 2008)

************************************ *

VERMONT YANKEE NUCLEAR POWER CORPORATION,

and

ENTERGY NUCLEAR VERMONT YANKEE, LLC, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

************************************ *

DISCOVERY ORDER

On January 30, 2008, the Court conducted a hearing to address the Rule 37 motion of Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), filed November 7, 2007. Essentially, Vermont Yankee alleges that Entergy Nuclear Vermont Yankee, LLC ("Entergy") has failed to produce documents relating to Entergy's acquisition of the Vermont Yankee Nuclear Power Station in 2002. Vermont Yankee complains that Entergy has not produced relevant documents relating to decommissioning, due diligence, and valuation. Entergy has requested these documents in connection with its "diminished value" claim pending before the Court.

Entergy has opposed Vermont Yankee's motion, stating that it already has furnished a large volume of documents in this case, that it cannot locate any additional documents, and that if any of the requested documents once existed, they may have been destroyed in accordance with company policy. Vermont Yankee has made a credible showing that some

or all of the requested documents ought to have existed (*e.g.*, internal analyses, cost comparisons, analyses of different decommissioning scenarios, estimates of dry fuel storage costs, due diligence reports or summaries, risk analyses, the 2001 Investment Support Request, and other documents referenced in Entergy's Draft Valuation Manual). In particular, Vermont Yankee has cited the absence of an Entergy Project Briefing Book for this acquisition that should have been produced. Entergy thus far has not confirmed whether the documents once existed, whether the documents have been destroyed, and if so, when or why they were destroyed. Without this information, the Court is unable to consider Vermont Yankee's request for sanctions, or its request for access to certain Entergy computer hard drives. Defendant has filed a response urging the Court not to find adverse inferences as a sanction, because such a finding could unfairly impact Defendant's liability in this case, in circumstances where Defendant is an innocent party to the discovery dispute.

Based upon the parties' submissions, as well as the arguments and representations at the hearing, the Court hereby confirms its instructions to the parties at the end of the hearing as follows:

1. Vermont Yankee may conduct a Rule 30(b)(6) deposition of Entergy's designated custodian(s) of records on a date mutually agreeable to the parties. To facilitate the furnishing of accurate information, Vermont Yankee should provide a list of questions to Entergy in advance of the deposition so that Entergy may conduct any necessary research and investigation of the documents and issues to be raised, and determine the appropriate representative(s) to testify in its behalf. To the extent that Entergy is unable to provide complete and accurate information regarding the status of its documents, the Court will be inclined to afford Vermont Yankee access to Entergy's computer hard drives, under procedures to be discussed at a later date. Informal dialogue between the parties also may be useful in resolving document-related issues.

2. Vermont Yankee's request for access to protected materials produced by Entergy in Consolidated Edison Company of New York, Inc. v. United States, Fed. Cl. No. 04-33C, another spent nuclear fuel case pending before the Court, is hereby GRANTED. Entergy is directed to produce responsive documents from the Consolidated Edison case to Vermont Yankee, at Entergy's expense. Vermont Yankee's authorized representatives may access these materials pursuant to the Protective Order issued in this case. The marking of these documents as protected information for purposes of the Consolidated Edison case shall be deemed sufficient to make them subject to the Protective Order in this case. It is not necessary for Vermont Yankee to apply for access under the Consolidated Edison Protective Order.

3. The parties are encouraged to resolve the pending document issues expeditiously. If the Court's further involvement is required, counsel are invited to contact the Court to schedule a telephone conference or hearing as may be necessary.

Accordingly, Vermont Yankee's motion to compel discovery is GRANTED in part, and DENIED in part, pursuant to the foregoing ruling. The Court will reserve for later consideration the potential imposition of sanctions, and access to Entergy's hard drives.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge