IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,**<br><br>**and**<br><br>**ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **Nos. 02-898C & 03-2663C**<br>**(Judge Wheeler)** |

**PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, Plaintiff Vermont Yankee Nuclear Power Corporation ("VYNPC") respectfully requests an enlargement of time of 56 days, through and including June 13, 2008, in which time to file its expert reports and damages schedules and information in response to the Court's Amended Pretrial Order on Damages. This information was originally due October 5, 2007. The Court enlarged the due date to December 4, 2007 when it partially granted VYNPC's May 2, 2007 Motion for Modification of Discovery Schedule,[1] and then to January 3, 2008 when it granted the parties' Joint Motion for Modification of Discovery Schedule, which was filed to accommodate a request by Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc. (collectively, "Entergy") for a 30-day enlargement of time in which to respond to VYNPC's discovery requests. The Court subsequently enlarged the due date to April 18, 2008 when it granted VYNPC's November 27, 2007 Unopposed Motion for Enlargement of Time.

[1] VYNPC had sought an enlargement to June 6, 2008.

Counsel for VYNPC has discussed this Motion with counsel for Defendant and Entergy, respectively. Defendant does not oppose this Motion, assuming that the due dates for its expert reports and response to VYNPC's damages schedules and information, and close of discovery, are similarly enlarged to December 1, 2008 and February 2, 2009, respectively. VYNPC agrees that this is appropriate. Entergy does not oppose the enlargement request, but does not necessarily concur with VYNPC's characterizations of the discovery issues discussed herein.

On June 21, 2007, VYNPC served its First Request for Production of Documents on Entergy ("Document Request"). On July 17, 2007, Entergy requested VYNPC's consent to a 30-day enlargement of time in which to serve its responses to the Document Request and to interrogatories which VYNPC had served simultaneously with the Document Request. VYNPC agreed to the enlargement so long as VYNPC was able to obtain a similar 30-day enlargement of time in which to produce its expert reports. VYNPC needed the parallel enlargement because information in the possession of Entergy is important for VYNPC's experts to be able to properly quantify damages, including in particular the diminution in value damages that VYNPC suffered when Entergy purchased the Vermont Yankee Nuclear Power Station ("Power Station") following the Government's breach of the Standard Contract. Accordingly, on July 23, 2007, the parties filed a Joint Motion for Modification of Discovery Schedule, which the Court granted on July 24, 2007. Entergy served its responses to the Document Request on August 22, 2007.

On September 19, 2007, VYNPC contacted Entergy regarding the absence of a privilege log in connection with Entergy's production of documents.[2] Telephone conversations between counsel for VYNPC and Entergy over the next two days made it apparent that Entergy had not only failed to provide a privilege log, but had not produced all responsive documents.

[2] Entergy has since provided a privilege log.

Over the next seven weeks, VYNPC and Entergy engaged in numerous communications by telephone, letter and email as it became increasingly apparent to VYNPC that Entergy's document production was seriously deficient, with certain categories of critical documents completely missing from the production.[3]

On November 7, 2007, VYNPC filed its Motion to Compel.[4] As the briefing schedule for VYNPC's Motion to Compel developed, it became increasingly apparent that it would not be feasible for VYNPC to obtain the information needed from Entergy in time for VYNPC's experts to complete their reports and related damages quantification by the January 3, 2008 due date. Indeed, on November 19, 2007, when the Court granted Entergy's Motion for Enlargement of Time through December 7, 2007 to respond to VYNPC's Motion to Compel, it became clear that meeting the January 3, 2008 deadline would be impossible. Accordingly, on November 27, 2007, VYNPC filed an unopposed motion for enlargement of time requesting until April 18, 2008 to file its expert reports and related damages information. The Court granted this motion on November 30, 2007.

Since the amended schedule was established on November 30, 2007, VYNPC has continued to be delayed in its efforts to obtain information critical to its damages case. After Entergy filed its opposition to VYNPC's Motion to Compel on December 7, 2007 and VYNPC filed its reply to Entergy's opposition on December 21, 2007, Defendant, on January 9, 2008, entered the fray and filed its own response to VYNPC's Motion to Compel documents from Entergy. VYNPC filed a reply to Defendant's response on January 25, 2008.

---

[3] Details regarding these communications are contained in VYNPC's Motion to Compel Complete Production of Documents by Entergy ("Motion to Compel"), 1-2, 8-9.

[4] Details about the types of documents missing from Entergy's production are set forth in the Motion to Compel, 2-8, and throughout VYNPC's Reply to Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc's Opposition to Plaintiff Vermont Yankee Nuclear Power Corporation's Motion to Compel Complete Production of Documents, filed December 21, 2007.

On January 30, 2008, the Court conducted a hearing on VYNPC's Motion to Compel. At the conclusion of the hearing the Court commented as follows:

> Here's what I would like to see happen, and I'll throw this out as a rough draft and solicit your comments. I'm simply not at the point of being able to grant the requested sanctions right now, but the Plaintiff's allegations are disturbing. I'm a little troubled by the fact that the documents are referenced in documents and information that the Plaintiff already has, but yet they have not surfaced in discovery.

Hear'g Tr. 62:21-63:4 (Jan. 30, 2008). Although VYNPC's Motion to Compel, and its reply to Entergy's opposition, had laid out in detail the types of documents that Entergy had failed to produce or otherwise account for, Entergy was unable to provide specific information about the status of any of these documents during the January 30 hearing. As the court noted in its Discovery Order filed shortly after the hearing:

> Entergy has opposed Vermont Yankee's motion, stating that it already has furnished a large volume of documents in this case, that it cannot locate any additional documents, and that if any of the requested documents once existed, they may have been destroyed in accordance with company policy. Vermont Yankee has made a credible showing that some or all of the requested documents ought to have existed (*e.g.*, internal analyses, cost comparisons, analyses of different decommissioning scenarios, estimates of dry fuel storage costs, due diligence reports or summaries, risk analyses, the 2001 Investment Support Request, and other documents referenced in Entergy's Draft Valuation Manual). In particular, Vermont Yankee has cited the absence of an Entergy Project Briefing Book for this acquisition that should have been produced. Entergy thus far has not confirmed whether the documents once existed, whether the documents have been destroyed, and if so, when or why they were destroyed. Without this information, the Court is unable to consider Vermont Yankee's request for sanctions, or its request for access to certain Entergy computer hard drives.

Discovery Order, 1-2 (Jan. 31, 2008). Due to Entergy's inability to adequately address the status of the missing documents, the Court authorized VYNPC to conduct a Rule 30(b)(6) deposition of Entergy's custodian of records to obtain the necessary information. *Id.*

On February 11, 2008, VYNPC served a Rule 30(b)(6) Notice of Deposition on Entergy setting the deposition of Entergy's representatives knowledgeable about Entergy's document retention practices for February 28, 2008 in Washington, D.C. The Notice of Deposition contained a detailed description of the information VYNPC was seeking regarding Entergy's documents, so that Entergy would know who to designate and the designees would be prepared to provide the necessary information. On February 21, 2008, Entergy sent VYNPC a letter indicating that Curt Bregar would be Entergy's Rule 30(b)(6) deponent, and that Mr. Bregar would not be available on February 28, but that we could be available for a deposition in Jackson, Mississippi on February 27. VYNPC was willing to conduct the deposition on February 27 in Jackson and continued preparing for the deposition. However, on the morning of February 25, 2008, while VYNPC attended to logistical details of the deposition such as the exact starting time and specific location in Entergy's offices necessary to provide to the court reporter, it became apparent that Entergy did not notify Defendant of Entergy's change from February 28 in Washington to February 27 in Jackson – Defendant was not copied on Entergy's February 21 letter. VYNPC immediately contacted Defendant, who in fact had not been notified of the change, and could not attend an out-of-town deposition on such short notice. Accordingly, the parties were forced to re-schedule the deposition for March 4, 2008.

The Rule 30(b)(6) deposition went forward on March 4, but was less productive than anticipated because Mr. Bregar was unable to provide much meaningful information about the disposition of the missing documents, and because counsel disagreed about whether many of the questions VYNPC asked during the deposition were within the scope of topics outlined in the February 11, 2008 Notice of Deposition. Accordingly, VYNPC has determined that it will need to obtain the information that Entergy likely has, but that VYNPC has thus far been unable to obtain from Entergy, through additional Rule 30(b)(6) depositions, as well as depositions of

certain specifically noticed Entergy employees. VYNPC attempted to schedule the continuing Rule 30(b)(6) depositions immediately after the conclusion of the March 4 deposition. However, it took until March 14 for Entergy to identify deponents and indicate their availability. One of the deponents has limited availability and must be deposed in Mississippi. Entergy offered to make two deponents available in late March and early April, but only if each of the depositions could be conduced in one day. Because of the breadth and complexity of these follow-up depositions, it will likely not be possible to complete either of them in one day. These continuing Rule 30(b)(6) depositions have now been scheduled, but will not be conducted until April 8-9, 2008 and April 15-16, 2008, respectively, substantially later than VYNPC hoped and expected. VYNPC also plans to conduct the depositions of approximately 3 to 4 additional Entergy witnesses between now and early May 2008.

VYNPC needs these depositions to complete its expert reports. As explained in VYNPC's Motion to Compel and during the January 30, 2008 hearing, much of the information needed to establish VYNPC damages claims is in the possession of Entergy. This is because of the transfer of records that accompanied the sale of the Power Plant, as well as the nature of VYNPC's diminution in value damages. VYNPC's diminution in value claim is based on how Defendant's breach of the Standard Contract impacted Entergy's decisions in bidding on and ultimately purchasing the Power Plant. In this regard, Entergy's missing decommissioning assumptions, due diligence analysis, and valuation modeling assumptions are critical to VYNPC's case, and the continuous delays in obtaining this information have, through no fault of VYNPC, disrupted the critical path for the preparation and completion of VYNPC's expert reports and damages quantification.

Notwithstanding VYNPC's diligent efforts for the last nine months to obtain the information necessary for completion of its expert reports, VYNPC will not have received this

information in time for its experts to complete their reports and related damages quantification by April 18, 2008. Since the current schedule was set last November 30, 2007, and since the hearing on VYNPC's Motion to Compel conducted January 30, 2008, VYNPC has been subjected to continuous delays – totaling nearly three months – in gaining access to information needed for its experts to complete their reports and for VYNPC to complete its computation of damages.

Under these circumstances, an enlargement of time through June 13, 2008 to permit VYNPC's experts to complete their reports and for VYNPC to complete its computation of damages is reasonable and necessary, and will not prejudice any party. And, as indicated above, this motion is unopposed. Accordingly, VYNPC respectfully requests an enlargement of time of 56 days, from April 18, 2008 through June 13, 2008, in which time to file its expert reports and damages schedules and information in response to the Court's Amended Pretrial Order on Damages. Defendant's expert reports and response to VYNPC's damages schedules and information are currently due October 3, 2008, and close of discovery is currently scheduled for December 10, 2008. These dates can similarly be enlarged to December 1, 2008 (59-day enlargement) and February 2, 2009 (54-day enlargement), respectively, without prejudice to any party. Accordingly, VYNPC also requests these enlargements of time.

Date: March 31, 2008

Respectfully submitted,

s/Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

*Counsel of Record for Plaintiff Vermont Yankee Nuclear Power Corporation*

Of Counsel:

Scott Arnold
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200 (Phone)
(202) 420-2201 (Fax)

**CERTIFICATE OF FILING**

I hereby certify that on this 31st day of March, 2008, a copy of the foregoing "PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

s/Scott Arnold
Scott Arnold