# In the United States Court of Federal Claims

Nos. 02-898C and 03-2663C

(Filed: April 28, 2008)

| | |
|---|---|
| ************************************ | * |
| | * |
| VERMONT YANKEE NUCLEAR POWER CORPORATION, | * |
| | * |
| and | * |
| | * |
| ENTERGY NUCLEAR VERMONT YANKEE, LLC, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| ************************************ | * |

ORDER

Before the Court is Defendant's March 19, 2008 motion, pursuant to Rule 19, for joinder of the claims of Entergy Nuclear Vermont Yankee LLC and Entergy Nuclear Operations, Inc. ("ENVY") in No. 02-898C with the claims of Vermont Yankee Nuclear Power Corp. ("Vermont Yankee") in No. 03-2623C. These cases involve the claims of both the buyer and the seller of the Vermont Yankee Nuclear Power Station in Vernon, Vermont. Vermont Yankee sold the Power Station to ENVY on July 31, 2002. Defendant asserts that, if the claims of ENVY and Vermont Yankee are not joined in one proceeding, Defendant faces the potential risk of inconsistent results and payment of duplicative damages. Defendant has raised this issue previously in these proceedings. Both ENVY and Vermont Yankee have opposed Defendant's motion, and Defendant has filed a reply.

Upon careful review of the parties' positions, the Court declines to alter the August 16, 2006 Consolidation Order applicable to these cases. Counsel for ENVY has represented that "any eventual risk of inconsistent liabilities on the part of the government will, in the very near future, be fully addressed – indeed eliminated – as a pretrial matter." ENVY's Apr. 7, 2008 Response at 1. ENVY further explained that "[u]pon the completion of [scheduled] depositions, [ENVY] anticipates following the Court's sensible suggestion to address, as a pretrial matter, the disagreements between [Vermont Yankee and ENVY] regarding assignment of claims and any overlapping claims, and to file an appropriate motion regarding such issues." Id. at 3. With these two cases assigned to the same judge, and with the Plaintiffs intending to resolve overlapping claims shortly, the Court cannot say that the risk of conflicting results to Defendant is "substantial." See RCFC 19(a).

Accordingly, Defendant's motion is DENIED without prejudice. Defendant may present this issue again if it still has concerns following the efforts of ENVY and Vermont Yankee to resolve overlapping claims through pre-trial motions.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge