# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORPORATION,<br><br>and<br><br>ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al.,<br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Nos. 02-898C & 03-2663C<br>(Judge Wheeler) |

**PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS ENTERGY NUCLEAR VERMONT YANKEE, LLC AND ENTERGY NUCLEAR OPERATIONS, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, Plaintiff Vermont Yankee Nuclear Power Corporation ("Vermont Yankee") hereby requests that Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc. produce for inspection and copying the documents described below at the offices of Dickstein Shapiro LLP, 1825 Eye Street NW, Washington, D.C. 20006, or at such place as may be agreed upon by all counsel, within 30 days after service of this notice.

**GENERAL DEFINITIONS**

1. "Communication" means:

a. Any oral statement or utterance of any kind, whether in person, by telephone, by electronic mail, or by any other means of communication,

and any gesture intended to convey information, including any nonverbal expressions of assent, denial, doubt, lack of knowledge, or the like; and

b. Any writing, document, or other graphic material of any kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, or other means, including electronic mail, as well as phonic (such as tape recordings) or visual reproductions of oral communications.

2. "Document" means the original (or any copy when the original is not available) and, unless otherwise stated, any non-identical copy (whether different from the original because of notes made on such copy or otherwise), all drafts, modifications, and amendments thereto, all correspondence transmitting such documents or explaining or commenting upon the contents thereof, and all working or supporting papers of every kind and description, whether inscribed by hand or by mechanical, electronic, magnetic, microfilm, photographic, or other means, as well as phonic (such as tape recordings) or visual reproductions of oral statements, conversations, or events, and including, but not limited to, correspondence, telegrams, notes, minutes, address and telephone directories, agendas, computer or electronic mail (e-mail), internal messages and memoranda, diaries or desk pads, calendars, reports, estimates, invoices, compilations, studies, tables and tabulations, tallies, diagrams, plans, maps, photographs, computer-stored or computer-readable data, bulletins, computer

printouts, audited and un-audited financial statements, accounting records, journals, answers to questionnaires, applications, check registers, checks, teletype, receipts, messages, and any other memorandum, recordation, or communication of any type. The term "Document" includes each and every dissimilar version thereof, including all drafts and versions bearing marginal comments, and also includes the file and folder tabs associated with each original and copy.

3. "Including" means including, but not limited to.

4. "Relate(s) to," "relating to," and "referring to" mean to concern, mention, reference, pertain to, reflect, comment upon, discuss, rely upon, relate to, refer to, utilize as input data or source material, support, undermine, critique, or in any manner be connected with the given subject, action, communication, or matter.

**SPECIFIC DEFINITIONS**

5. "Government" means any agency or sub-agency of the United States Federal Government, including the United States Department of Energy and the Nuclear Regulatory Commission.

6. "DOE" means the United States Department of Energy.

7. "You," "your," "yourselves," and "Entergy" mean the plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc., as well as their present or former officers, employees, agents, attorneys, or representatives and every person acting upon their behalf in the context of the matters at issue in this action.

8. "Nuclear Station" means the Vermont Yankee Nuclear Power Station purchased by Entergy Nuclear Vermont Yankee, LLC on July 31, 2002.

9. "Sale" means the sale of the Nuclear Station that took place July 31, 2002.

10. "SNF" means spent nuclear fuel.

11. "Standard Contract" means the "Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11, and which Vermont Yankee entered with the Government in 1983.

12. "Vermont Yankee" means Vermont Yankee Nuclear Power Corporation, including its agents, legal counsel, advisors and consultants involved in the Sale.

## INSTRUCTIONS

1. Each request for documents and the portions thereof is to be responded to separately, but responses to one request for documents, or portions thereof may be incorporated by reference in responses to other requests for documents, or portions thereof.

2. If, in responding to this Request for Production, You discover any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. Whenever in this Request for Production, You are asked to produce a Document which is deemed by You to be properly withheld:

   a. If You are withholding the Document under claim of privilege (including the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guidelines 9(c)(ii)(b), including the type of Document, the general subject matter of the Document, the date of the Document, and such other information as is sufficient to identify the Document, including, where appropriate, the author addressee, custodian, and any other recipient of the Document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without

revealing the information claimed to be protected, will enable this party to assess, the applicability of the privilege or protection claimed by You;

b. If You are withholding the Document for any reason other than: (1) that it is beyond the scope of discovery, or (2) that a request is unduly burdensome, in addition to the information requested in paragraph 3(a), above, please state the reason for withholding the Document.

4. When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Document.

5. If production of any requested Document is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

6. All Documents produced pursuant to these requests are to be produced in the form, order and manner in which they are maintained in Your files, or shall be

organized and labeled to correspond with the categories in these requests. If the requested Documents are maintained in a file, the file folder is included in the Request for Production.

7. Any Document that bears any marks, including by way of illustration only and without limitation, initials, stamped indicia, comments or notations of any character, that are not a part of the original text or any reproduction thereof, is to be considered a separate Document.

8. Each Document production request is continuing in nature and is to be modified or supplemented to include any additional later discovered responsive information, knowledge, data or documents.

**DOCUMENT REQUESTS**

1. Produce all purchase orders, work orders, and contracts related to any racks acquired for storage of SNF at, or reracking performed at, the Vermont Yankee Nuclear Power Station during the years 2000 and 2001.

Date: May 22, 2008

Respectfully submitted,

Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
(202) 420-2200
*Counsel of Record for Vermont Yankee Nuclear Power Corporation*

Of Counsel:

Scott Arnold
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
(202) 420-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2008, I caused to be served by hand messenger "Plaintiff Vermont Yankee Nuclear Power Corporation's Fourth Request for Production of Documents to Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc.," addressed as follows:

Josh Gardner, Esq.
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, 8th floor
Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
*Counsel for Defendant*

Brad Fagg, Esq.
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
*Counsel for Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc.*

Scott Arnold