Nos. 02-898C & 03-02663C
Judge Wheeler

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

VERMONT YANKEE NUCLEAR POWER CORPORATION

and

ENTERGY NUCLEAR VERMONT YANKEE, LLC
and ENTERGY NUCLEAR OPERATIONS, INC.

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendant.

**ENTERGY NUCLEAR VERMONT YANKEE, LLC AND ENTERGY NUCLEAR OPERATIONS, INC.'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING OWNERSHIP OF AND RIGHT TO PURSUE CLAIMS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE VERMONT YANKEE NUCLEAR POWER CORPORATION FROM INTRODUCING EVIDENCE REGARDING CLAIMS NOT RETAINED**

Of Counsel:

L. Jager Smith, Jr.
WISE CARTER CHILD
& CARAWAY, P.A.
1340 Echelon Parkway
Jackson, MS 39213
Telephone: (601) 368-5572
Facsimile: (601) 368-5816

Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile
COUNSEL OF RECORD FOR
ENTERGY NUCLEAR VERMONT YANKEE LLC
and ENTERGY NUCLEAR OPERATIONS, INC.

June 11, 2008

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,**<br><br>and<br><br>**ENTERGY NUCLEAR VERMONT YANKEE, LLC, *et al.*,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | ) | **Nos.: 02-898C & 03-2663C**<br><br>**Judge Wheeler** |

**ENTERGY NUCLEAR VERMONT YANKEE, LLC AND ENTERGY NUCLEAR OPERATIONS, INC.'S PROPOSED FINDING OF UNCONTROVERTED FACT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING OWNERSHIP OF AND RIGHT TO PURSUE CLAIMS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE VERMONT YANKEE NUCLEAR POWER CORPORATION FROM INTRODUCING EVIDENCE REGARDING CLAIMS NOT RETAINED**

Plaintiffs Entergy Nuclear Vermont Yankee LLC and Entergy Nuclear Operations, Inc. (collectively, for these purposes, "Entergy") respectfully submit the following Proposed Findings of Uncontroverted Fact, pursuant to RCFC 56(h)(1).

1. VYNPC entered into the Purchase and Sale Agreement ("PSA") on August 15, 2001, and completed the sale of the Power Station to Entergy on July 31, 2002. (Exhibit A)

2. In Section 2.1 of the PSA, VYNPC agreed to "sell, assign, convey, transfer and deliver" to Entergy substantially all of VYNPCs' property interests associated with the Power Station (the "Acquired Assets"). (Exhibit A at 17-18.)

3. Among the Acquired Assets were:

> (b) All Inventories and Nuclear Fuel wherever located and all Spent Nuclear Fuel and other Nuclear Materials located at the Site to which [VYNPC] has title.
>
> . . .
>
> (n) Subject to Section 6.11(b), any claims of [VYNPC] related to [DOE's] defaults under the DOE Standard Contract accrued as of the closing, whether relating to periods prior to or following the Closing, excluding such claims as may related to the one-time fee with respect to fuel used to generate electricity prior to April 7, 1983.

PSA § 2.1(b), (n) (Exhibit A at 18, 19).

4. Expressly excluded from the PSA's definition of Acquired Assets were the "Excluded Assets" identified in Section 2.2 of the PSA. (Exhibit A at 19-20.)

5. The Excluded Assets included: "the claims of [VYNPC] related or pertaining to [DOE's] defaults under the DOE Standard contract to the extent applicable to the one-time fee with respect to fuel used to generate electricity prior to April 7, 1983," and "[a]ny asserted or unasserted rights or claims that relate to the Excluded Assets or the Excluded Liabilities." PSA § 2.2 (f), (i) (Exhibit A at 20).

6. Additionally, VYNPC and Entergy expressly agreed that VYNPC would retain "[a]ny Liability . . . under the DOE Standard Contract with respect to the one-time fee for fuel burned prior to April 7, 1983." PSA § 2.4(m) (Exhibit A at 24).

7. With respect to spent nuclear fuel fees, the PSA provided at Section 6.11:

> (a) Between the date hereof and the Closing, and at all times thereafter, the Seller will pay as they come due all Spent Nuclear Fuel Fees and any other fees associated with electricity at VYNPS prior to Closing, and the Buyer shall have no liability or responsibility therefor. The Buyer shall pay and discharge all fees and expenses associated with electricity generated at VYNPS from and after the Closing, and the Seller shall have no liability or responsibility therefor. The Buyer shall assume title to and responsibility for the storage and disposal of Spent Nuclear Fuel in VYNPS as of the Closing. The Seller shall assign to the Buyer the Standard Contract, except for the obligation to pay the one-time

> fee, and shall provide the required notice to the DOE within ninety (90) days of transfer of title to spent fuel.
>
> (b) The Seller agrees, upon receipt of at least 30 days advance written notice from the Buyer of the date on which the one-time fee for fuel burned prior to April 7, 1983 under the DOE Standard Contract will become due and payable in accordance with the terms of the DOE Standard Contract, to cause such fee to be duly paid when due, subject to any rights of set-off to which the Seller may be entitled by reason of the Department of Energy's defaults under said DOE Standard Contract.

(Exhibit A at 62-63.)

8. When VYNPC entered into the Standard Contract, it elected to defer payment of the one-time fee until a date prior first delivery on SNF to the government, with interest accruing from April 7, 1983 to the date of payment. *Vermont Yankee*, 73 Fed. Cl. at 238.

9. To date, VYNPC has not paid the one-time fee. *Vermont Yankee*, 73 Fed. Cl. at 238.

10. VYNPC's First Amended Complaint in Case No. 02-898C asserts "claims for damages in accordance with the claims [VYNPC] reserved the rights to pursue in its purchase and sale agreement with [Entergy], including pursuit of damages for the diminished selling value of the Power Station." First Am. Compl. ¶ 3.

11. The First Amended Complaint in Case No. 02-898C asserts that "[a]s a direct consequence of DOE's disregard of its contractual obligations," VYNPC has suffered damages including "substantial additional costs to provide for extended on-site storage of the Power Station's SNF prior to the sale of the Power Station," "regulatory costs associated with efforts to ensure sufficient on-site storage capacity or alternative off-site storage capacity to permit continued operation of [VYNPC's] nuclear plants," as well as "diminished value of the Power Station" on the theory that, but for DOE's breach, VYNPC "would have been able to sell the Power Station for a higher price." First Am. Compl. ¶¶ 22, 26.

12. In case No. 02-898C, VYNPC seeks recovery for racking costs incurred during 2000-2001. For example, VYNPC's Fourth Request for Production of Documents to Entergy requested "all purchase orders, work orders, and contracts related to any racks acquired for storage of SNF at, or reracking performed at, the Vermont Yankee Nuclear Power Station during the years 2000 and 2001." (Exhibit B at 7, ¶ 1.)

13. In Case No. 02-898C, VYNPC seeks recovery for purported diminution-in-value of the plant. For example, VYNPC's First Request for Production of Documents to Entergy requested "All documents assessing the effect of DOE's delay in the acceptance of SNF on the value of the Nuclear Station." (Exhibit C at 7, ¶ 26.)

14. In response to a motion by the government, VYNPC did not oppose the dismissal of its "takings" claims. (D.I. 189).

15. The Court dismissed the takings claims of VYNPC, with prejudice. (D.I. 190, April 22, 2008.)

Respectfully submitted,

Dated: June 11, 2008

/s/ Brad Fagg
BRAD FAGG
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-5191
Facsimile: (202) 739-3001

*Counsel of Record for Plaintiffs Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc.*

Of Counsel:
L. Jager Smith, Jr.
WISE CARTER CHILD
& CARAWAY, P.A.
1340 Echelon Parkway
Jackson, MS 39213
Telephone: (601) 368-5572
Facsimile: (601) 368-5816

**CERTIFICATE OF FILING**

I hereby certify that on this 11th day of June, 2008, a copy of the foregoing was served filed electronically with the Court. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Brad Fagg