IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERMONT YANKEE NUCLEAR POWER CORP.<br><br>and<br><br>ENTERGY NUCLEAR VERMONT YANKEE, LLC and ENTERGY NUCLEAR OPERATIONS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant, | ) | Nos. 02-898C & 03-2663C<br>(Judge Wheeler) |

DEFENDANT'S RESPONSE TO ENTERGY NUCLEAR VERMONT YANKEE, LLC AND ENTERGY NUCLEAR OPERATIONS, INC.'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING OWNERSHIP OF AND RIGHT TO PURSUE CLAIMS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE INTRODUCING EVIDENCE REGARDING CLAIMS NOT RETAINED

Defendant, the United States, respectfully responds to Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc.'s ("ENVY") Proposed Findings of Uncontroverted Fact, as follows:

1. VYNPC entered into the Purchase and Sale Agreement ("PSA") on August 15, 2001, and completed the sale of the Power Station to Entergy on July 31, 2002. (Exhibit A).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

2. In Section 2.1 of the PSA, VYNPC agreed to "sell, assign, convey, transfer and deliver" to Entergy substantially all of VYNPCs' property interests associated with the Power

Station (the "Acquired Assets"). (Exhibit A at 17-18).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

3. Among the Acquired Assets were:

> (b) All Inventories and Nuclear Fuel wherever located and all Spent Nuclear Fuel and other Nuclear Materials located at the Site to which [VYNPC] has title.
>
> . . .
>
> (n) Subject to Section 6.11(b), any claims of [VYNPC] related to [DOE's] defaults under the DOE Standard Contract accrued as of the closing, whether relating to periods prior to or following the Closing, excluding such claims as may related to the one-time fee with respect to fuel used to generate electricity prior to April 7, 1983.

PSA § 2.1(b), (n) (Exhibit A at 18, 19).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

4. Expressly excluded from the PSA's definition of Acquired Assets were the "Excluded Assets" identified in Section 2.2 of the PSA. (Exhibit A at 19-20).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

5. The Excluded Assets included: "the claims of [VYNPC] related or pertaining to [DOE's] defaults under the DOE Standard contract to the extent applicable to the one-time fee with respect to fuel used to generate electricity prior to April 7, 1983," and "[a]ny asserted or unasserted rights or claims that relate to the Excluded Assets or the Excluded Liabilities." PSA § 2.2 (f), (i) (Exhibit A at 20).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

6. Additionally, VYNPC and Entergy expressly agreed that VYNPC would retain "[a]ny Liability . . . under the DOE Standard Contract with respect to the one-time fee for fuel burned prior to April 7, 1983." PSA § 2.4(m) (Exhibit A at 24).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

7. With respect to spent nuclear fuel fees, the PSA provided at Section 6.11:

> (a) Between the date hereof and the Closing, and at all times thereafter, the Seller will pay as they come due all Spent Nuclear Fuel Fees and any other fees associated with electricity at VYNPS prior to Closing, and the Buyer shall have no liability or responsibility therefor. The Buyer shall pay and discharge all fees and expenses associated with electricity generated at VYNPS from and after the Closing, and the Seller shall have no liability or responsibility therefor. The Buyer shall assume title to and responsibility for the storage and disposal of Spent Nuclear Fuel in VYNPS as of the Closing. The Seller shall assign to the Buyer the Standard Contract, except for the obligation to pay the one-time fee, and shall provide the required notice to the DOE within ninety (90) days of transfer of title to spent fuel.
>
> (b) The Seller agrees, upon receipt of at least 30 days advance written notice from the Buyer of the date on which the one-time fee for fuel burned prior to April 7, 1983 under the DOE Standard Contract will become due and payable in accordance with the terms of the DOE Standard Contract, to cause such fee to be duly paid when due, subject to any rights of set-off to which the Seller may be entitled by reason of the Department of Energy's defaults under said DOE Standard Contract.

(Exhibit A at 62-63).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

8. When VYNPC entered into the Standard Contract, it elected to defer payment of the one-time fee until a date prior first delivery on SNF to the government, with interest accruing from April 7, 1983 to the date of payment. *Vermont Yankee*, 73 Fed. Cl. at 238.

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

9. To date, VYNPC has not paid the one-time fee. *Vermont Yankee*, 73 Fed. Cl. at 238.

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

10. VYNPC's First Amended Complaint in Case No. 02-898C asserts "claims for damages in accordance with the claims [VYNPC] reserved the rights to pursue in its purchase and sale agreement with [Entergy], including pursuit of damages for the diminished selling value of the Power Station." First Am. Compl. ¶ 3.

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

11. The First Amended Complaint in Case No. 02-898C asserts that "[a]s a direct consequence of DOE's disregard of its contractual obligations," VYNPC has suffered damages including "substantial additional costs to provide for extended on-site storage of the Power Station's SNF prior to the sale of the Power Station," "regulatory costs associated with efforts to ensure sufficient on-site storage capacity or alternative off-site storage capacity to permit

continued operation of [VYNPC's] nuclear plants," as well as "diminished value of the Power Station" on the theory that, but for DOE's breach, VYNPC "would have been able to sell the Power Station for a higher price." First Am. Compl. ¶¶ 22, 26.

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

12. In case No. 02-898C, VYNPC seeks recovery for racking costs incurred during 2000-2001. For example, VYNPC's Fourth Request for Production of Documents to Entergy requested "all purchase orders, work orders, and contracts related to any racks acquired for storage of SNF at, or reracking performed at, the Vermont Yankee Nuclear Power Station during the years 2000 and 2001." (Exhibit B at 7, ¶ 1).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact. Further evidence of the fact that VYNPC seeks recovery for racking costs incurred during 2000-2001 can be found in the expert report of John J. Reed submitted on behalf of VYNPC. (Exh. ___ to Def. Response to ENVY's Motion for Summary Judgment).

13. In Case No. 02-898C, VYNPC seeks recovery for purported diminution-in-value of the plant. For example, VYNPC's First Request for Production of Documents to Entergy requested "All documents assessing the effect of DOE's delay in the acceptance of SNF on the value of the Nuclear Station." (Exhibit C at 7, ¶ 26).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact. Further evidence of the fact that VYNPC seeks recovery for diminution in value of the plant can be found in the expert report of John J. Reed submitted on behalf of VYNPC. (Exh. ___ to Def. Response to ENVY's Motion for Summary Judgment).

14. In response to a motion by the government, VYNPC did not oppose the dismissal of its "takings" claims. (D.I. 189).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

15. The Court dismissed the takings claims of VYNPC, with prejudice. (D.I. 190, April 22, 2008).

RESPONSE: The Government does not dispute ENVY's proposed finding of uncontroverted fact.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
by s/ Jeremiah M. Luongo
MARIAN E. SULLIVAN
Senior Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
Office of General Counsel
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
JEREMIAH M. LUONGO
ANTHONY W. MOSES
SCOTT C. SLATER
Trial Attorneys
Commercial Litigation Branch

July 31, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 31st day of July 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO ENTERGY NUCLEAR VERMONT YANKEE, LLC AND ENTERGY NUCLEAR OPERATIONS, INC.'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING OWNERSHIP OF AND RIGHT TO PURSUE CLAIMS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE VERMONT YANKEE NUCLEAR POWER CORPORATION FROM INTRODUCING EVIDENCE REGARDING CLAIMS NOT RETAINED, " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeremiah M. Luongo