# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **VERMONT YANKEE NUCLEAR POWER CORPORATION,**<br><br>**and**<br><br>**ENTERGY NUCLEAR VERMONT YANKEE, LLC, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **Nos. 02-898C & 03-2663C**<br>**(Judge Wheeler)** |

## PLAINTIFF VERMONT YANKEE NUCLEAR POWER CORPORATION'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN

Pursuant to Rule 7.2(a) of the Rules of the U.S. Court of Federal Claims, Plaintiff Vermont Yankee Nuclear Power Corporation ("VYNPC") respectfully submits this Response in Opposition to the Government's Motion to Coordinate Discovery and Develop a Litigation Plan.

On August 21, 2008, the Government filed in this case a "Motion to Coordinate Discovery and Develop a Litigation Plan for the Spent Nuclear Fuel Cases" ("Motion to Coordinate" or "Motion"). That day, the Government also filed the same Motion to Coordinate in almost every other active case asserting a claim related to the Government's breach of the Standard Contract for the Disposal of Spent Nuclear Fuel ("SNF") and High-Level Radioactive Waste. The Motion to Coordinate fails to address any specifics with respect to this case that would justify coordinating discovery in this case with discovery in other SNF cases. Indeeed, because such coordination would be manifestly inappropriate, the Court should deny the Motion.

As a general matter, the Government's request for coordination of discovery *now*, just as the Court of Appeals appears to have resolved rate of acceptance issues[1] that, prior to resolution, may have involved certain common issues of fact in certain SNF cases, makes no sense. Factual issues to be addressed in SNF cases going forward are much more likely to be case-specific, such that efforts to coordinate discovery would not result in a decrease in costs or otherwise increase the efficiency of the litigation.

Moreover, as the Court is well aware, this case is fundamentally different from most active SNF cases in that this is a "seller" case. Most of the damages sought by VYNPC are not based on its increased expenditures incurred due to the Government's breach, but rather the harm it suffered when it sold the Vermont Yankee Nuclear Power Station for a much lower price than it would have received but for the Government's breach. *See Boston Edison Co. v. United States*, 80 Fed. Cl. 468, 469 (2008) ("Although suits brought by utilities against the government for damages resulting from the non-performance by the Department of Energy ('DOE') of its statutory and contractual obligations to collect spent nuclear fuel have become commonplace, this case is novel in that it involves the post-breach sale of a nuclear power plant and alleged damages measured by the diminution of the plant's value caused by DOE's non-performance."). Thus, the factual issues in this case are substantially dissimilar to those in most other SNF cases. Further, this case does not involve the same types of documents and witnesses that may be more common to lawsuits brought by owner-operators for ongoing costs to store SNF at currently operating plants, and thus cannot benefit from coordinated discovery.

[1] *See Yankee Atomic Electric Co. v. United States*, Nos. 07-5025, -5026, -5027, -5031, -5032, -5033 (Fed. Cir. Aug. 7, 2008); *Pacific Gas & Electric Co. v. United States*, No. 07-5046 (Fed. Cir. Aug. 7, 2008); *Sacramento Municipal Utility District v. United States*, Nos. 07-5052, -5097 (Fed. Cir. Aug. 7, 2008).

Finally, extensive discovery has already been conducted in this case, with multiple depositions having been taken by the parties. Also, VYNPC submitted its damages schedules and expert reports to the Government almost three months ago, and the Government's reports are due later this year. Discovery in this case is scheduled to close February 2, 2009. Indeed, efforts to "coordinate" discovery in this case with dissimilar cases would only disrupt the discovery proceedings and ultimately delay the resolution of this case.

For the foregoing reasons, VYNPC respectfully requests that the Court deny the Government's Motion to Coordinate Discovery and Develop a Litigation Plan.

Dated: September 8, 2008

Respectfully submitted,

By: /s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

*Counsel of Record for Plaintiff Vermont Yankee Nuclear Power Corporation*

Of Counsel:
Scott Arnold
Nicholas W. Mattia, Jr.
Shannon Forchheimer
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on September 8, 2008 a copy of the foregoing "Plaintiff Vermont Yankee Nuclear Power Corporation's Response in Opposition to the Government's Motion to Coordinate Discovery and Develop a Litigation Plan" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Scott Arnold